IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANTIAGO CANO and MARILU CANO, § § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-2720-L |
| § | |
| STATE FARM LLOYDS and RICARDO ALVARADO, § § | |
| Defendants. § | |

**BRIEF IN SUPPORT OF PLAINTIFFS SANTIAGO CANO AND MARILU CANO'S RESPONSE TO DEFENDANT STATE FARM LLOYDS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' REQUEST FOR RECOVERY OF ATTORNEYS' FEES ON THEIR BREACH OF CONTRACT CLAIM**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**..................................................................................................1
**TABLE OF AUTHORITIES**............................................................................................2
**I.   SUMMARY OF ARGUMENT**..................................................................................3
**II.  INTRODUCTION AND RELEVANT UNDISPUTED FACTS**................................5
**III. SUMMARY JUDGMENT STANDARDS**.................................................................6
**IV.  ARGUMENT AND AUTHORITIES**.........................................................................7
  A. Plaintiffs May Properly Recover Attorneys' Fees from State Farm Under Chapter 38 of the Texas Civil Practice & Remedies Code Pursuant to Well-Established Texas Law..........................................................................................................................7
    a. The Texas Supreme Court's Opinion in *Grapevine*............................................100
    b. Legislative History................................................................................................12
  B. Allowing Plaintiffs to Recover Attorneys' Fees from State Farm Under Chapter 38 is Appropriate Under Equitable Principles...........................................................14
**V.   CONCLUSION AND PRAYER**..............................................................................1616
  **CERTIFICATE OF SERVICE**....................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. CT. 1348 (1986) .............................. 6

*Barnett v. Aetna Life Ins.*, 723 S.W.2d 663, 667 (Tex. 1987) ........................................................ 4

*Brandley v. Allstate Tex. Lloyd's*, 2008 U.S. Dist. LEXIS 36583, *5-6 (S.D. Tex. May 2, 2008) 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) ............................................ 6

*Crum & Forster, Inc. v. Monsanto Co.*, 887 S.W.2d 103, 148-149, 1994 Tex. App. LEXIS 2300, *130-131 (Tex. App. Texarkana 1994) ................................................................................... 14

*Fireman v. Life Ins. Co. of North America*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513) ............................................ 7

*Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560 (Tex. App. – Houston [14th Dist.] 2014) 14

*Gibbons-Markey v. Tex. Med. Liability Trust (In re Gibbons-Markey),* 2006 U.S. Dist. LEXIS 79657, *13 (W.D. Tex. November 1, 2006) ............................................................................ 9

*Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000) .............................. 4

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) ..................... 6, 10, 11, 12

*McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 2005 Tex. App. LEXIS 6956 (Tex. App.— Austin 2005, pet. denied) ................................................................................................. 4, 8, 9

*Medical City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 63 (Tex. 2008) ................................ 8

*United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L.Ed.2d 176 (1962) ............... 6

**Statutes**

Tex. Civ. Prac. & Rem. Code § 38.001 ........................................................................................... 8
Tex. Civ. Prac. & Rem. Code § 38.005 ........................................................................................... 8
Tex. Civ. Prac. & Rem. Code § 38.006 ......................................................................................... 12
Tex. Ins. Code §541.002 ................................................................................................................ 15
Tex. Ins. Code §541.152 ................................................................................................................ 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTIAGO CANO and MARILU CANO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:14-CV-2720-L |
| STATE FARM LLOYDS and RICARDO ALVARADO, | § § § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF PLAINTIFFS SANTIAGO CANO AND MARILU CANO'S RESPONSE TO DEFENDANT STATE FARM LLOYDS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' REQUEST FOR RECOVERY OF ATTORNEYS' FEES ON THEIR BREACH OF CONTRACT CLAIM**

TO THE HONORABLE SAM A. LINDSAY:

COME NOW, Santiago Cano and Marilu Cano ("Plaintiffs") and file this, their *Brief in Support of Plaintiffs' Response to Defendant State Farm Lloyds' Motion for Partial Summary Judgment Regarding Plaintiffs' Request for Recovery of Attorneys' Fees on their Breach of Contract Claim.* In support of denying the *Motion for Partial Summary Judgment Regarding Plaintiffs' Request for Recovery of Attorneys' Fees on their Breach of Contract Claim* ("MSJ") filed by State Farm Lloyds ("State Farm" or "Defendant"), and pursuant to the Federal Rules of Civil Procedure, Plaintiffs would show this Honorable Court as follows:

### I.   SUMMARY OF ARGUMENT

1.   Defendant State Farm seeks summary judgment on Plaintiffs' claim for attorney's fees for their breach of contract cause of action against State Farm. Pursuant to Sections 38.001 and 38.006 of the Texas Civil Practice & Remedies Code, a plaintiff may recover attorney's fees for breach of contract except in certain, enumerated circumstances. It is well-settled law in Texas that the

3

recovery of attorney's fees under Sections 38.0001 and 38.006 is authorized in suits on insurance policies, specifically.[1] In fact, the Texas Supreme Court has expressly stated that there is established and longstanding Texas authority demonstrating that these Sections may be properly interpreted to allow recovery of attorney's fees in a successful breach-of-contract action against an insurer unless attorney's fees are otherwise available (i.e., the insurer is liable to the insured for attorney's fees under another statutory scheme).[2]

2. Accordingly, in the present first-party suit brought by Plaintiffs against their homeowners' insurer, State Farm, for breaches of the insurance contract between Plaintiffs and State Farm, as well as other wrongful acts and omissions, in violation of Texas statutory and common law, committed in the course of the investigation, adjustment, and settlement of Plaintiffs' proper claim for coverage, Plaintiffs may recover reasonable attorneys' fees from State Farm for their breach-of-contract action claim unless attorneys' fees are otherwise available to Plaintiffs under another statutory scheme).[3] Furthermore, as more fully demonstrated below, Texas courts have upheld the award of attorney's fees under insureds' breach of contract actions against noncorporate entities, including Lloyd's entities such as State Farm.[4] As such, Plaintiffs move the Court to treat State Farm as a corporation for purposes of awarding attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code.

3. Here, Plaintiffs were forced to file a lawsuit against State Farm, their homeowners' insurer, to recover the policy benefits to which they were rightfully entitled under the terms and provisions of the insurance contract between State Farm and Plaintiffs. If not for State Farm's unreasonable

---

[1] *See Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000); *Barnett v. Aetna Life Ins.*, 723 S.W.2d 663, 667 (Tex. 1987).
[2] *Id.*
[3] *Id.*
[4] *See e.g., McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 2005 Tex. App. LEXIS 6956 (Tex. App.—Austin 2005, pet. denied).

investigation and underpayment of Plaintiffs' claim, Plaintiffs would not have had to file suit or initiate this litigation in order to prosecute their breach of contract claim against State Farm and recover policy proceeds rightfully owed to them. State Farm should not be permitted to shield itself from liability for the reasonable attorney's fees Plaintiffs have reasonably and necessarily incurred in order to pursue their viable breach of contract claim against State Farm.

4. For these reasons and the additional arguments and authorities herein, Plaintiffs respectfully ask the Court to deny Defendants' Motion for Partial Summary Judgment.

## II. INTRODUCTION AND RELEVANT UNDISPUTED FACTS

5. This is a first-party insurance claim dispute arising out of damages to Plaintiffs' real property located in Dallas County, Texas ("the Property") sustained by a hail and/or windstorm on or about June 13, 2012.[5] Plaintiffs made a claim against their Texas Homeowners' Insurance Policy, ("the Policy") which was issued by State Farm.[6]

6. Plaintiffs have alleged that State Farm's unreasonable investigation of Plaintiffs' damages eventually resulted in Plaintiffs' claim being undervalued and underpaid.[7] On May 23, 2014, Plaintiffs filed suit in state court against Defendants for damages resulting from the mishandling of Plaintiffs' claim for coverage.[8]

7. As against State Farm, Plaintiffs brought causes of action for breach of contract, breach of the duty of good faith and fair dealing, violations of Chapters 541 and 542 of the Texas Insurance Code, fraud and conspiracy to commit fraud.[9]

8. On July 29, 2014, Defendants removed this suit to this Court.[10]

---

[5] *See* Dkt. # 1, Ex. F, ¶ 12.
[6] *Id*. at ¶13.
[7] *Id.* at ¶¶ 15-20.
[8] *See* Dkt. #1, Ex. F.
[9] *Id.* at ¶¶ 42-45, 46-58, 61-62.
[10] *See* Dkt # 1.

9. On December 18, 2015, Defendant State Farm filed their summary judgment motion, alleging that summary judgment should be granted against Plaintiffs' claim for attorney's fees on their breach of contract cause of action.[11]

10. Plaintiffs assert that State Farm's MSJ should be denied. As shown below, Plaintiffs' claim for attorney's fees against State Farm is viable and Defendant is asserting an erroneous and misleading interpretation of the law applicable to Plaintiffs' claim.

### III.     SUMMARY JUDGMENT STANDARDS

11. As the moving party under Rule 56 of the Federal Rules of Civil Procedure, State Farm has the burden of proving that the pleadings and evidence show that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[12] A genuine issue of material fact exists if a reasonable jury would enter a verdict for the non-moving party.[13] All evidence and the reasonable inferences to be drawn from the motion must be viewed in the light most favorable to the party opposing the summary judgment motion.[14]  If the movant fails to meet the initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response.[15] Importantly, a Court has discretion to deny a summary judgment if it believes that the better course would be to proceed to a full trial.[16]

---

[11] *See* Dkts. # 74 and 75.
[12] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).
[13] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. CT. 1348 (1986).
[14] *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L.Ed.2d 176 (1962).
[15] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).
[16] *Fireman v. Life Ins. Co. of North America*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513).

## IV.     ARGUMENT AND AUTHORITIES

### A. Plaintiffs May Properly Recover Attorneys' Fees from State Farm Under Chapter 38 of the Texas Civil Practice & Remedies Code Pursuant to Well-Established Texas Law.

12.     In its summary judgment motion, Defendant State Farm asserts that Plaintiffs' claim for attorneys' fees fails because the only possible statute on which Plaintiffs' claim for attorneys' fees can be based is Section 38.001 of the Texas Civil Practice & Remedies Code, and Section 38.001 permits recovery of attorneys' fees only from an individual or corporation.  <u>Defendant is wrong</u>.

13.     First, in its MSJ, Defendant erroneously argues that "Plaintiffs do not identify in their Original Petition the statute on which they rely in seeking their attorneys' fees" and "[t]he only possible statute is Section 38.001 of the Texas Civil Practice & Remedies Code…"[17]  Defendant's argument is without merit.

14.     Here, Plaintiffs unambiguously allege, in their live pleading against Defendants, that they seek to recover attorneys' fees from State Farm for their breach of contract claim against State Farm and from both Defendants for their violations of the Texas Insurance Code committed during the course of Defendants' investigation and handling of Plaintiffs' claim.[18]  Thus, State Farm's argument that Plaintiffs may only recover attorneys' fees under Section 38.001 of the Texas Civil Practice & Remedies Code is wholly without merit, as Plaintiffs have properly plead and asserted an additional claim for attorneys' fees, against both Defendants, pursuant to Chapter 541 of the Texas Insurance Code.  Thus, Defendant State Farm's summary judgment argument fails on this ground.

15.     Defendant correctly notes that the text of Section 38.001 of the Texas Civil Practice &

---

[17] *See* Dkt. #75. at ¶ 5.
[18] *See* Plaintiffs' Original Petition, Dkt. #1.

Remedies Code states that "[a] person may recover reasonable attorneys' fees from an individual or corporation" in a suit for breach of contract;[19] however, Defendant State Farm fails to mention that various Texas state and federal courts, including the Texas Supreme Court, have recognized and affirmed recovery of attorneys' fees for a successful claim for breach of contract claim by an insured against his insurer, including insurers that are non-corporate entities.

16.     Section 38.005 of the Texas Civil Practice & Remedies Code states that Chapter 38 "shall be liberally construed to promote its underlying purpose,"[20] which is to allow an award of attorneys' fees for a suit based on a written or oral contract.[21] Even when applying a strict reading or interpretation of this statute, as Defendant urges is appropriate in its MSJ, Texas courts have routinely permitted and affirmed a recovery of attorneys' fees from insurance companies authorized to sell insurance in Texas, including insurers that are not an incorporated business entity, or a corporation.

17.     By way of example, in *McMillin v. State Farm Lloyds*, State Farm Lloyds—the movant here—challenged the award of attorneys' fees by the trial court in favor of plaintiffs who had successfully prevailed on their breach of contract claim against State Farm in a first-party insurance claim dispute case.[22] In its opinion, the Austin Court of Appeals stated the following:

> State Farm correctly argues that the McMillins are not entitled to attorneys' fees under the insurance code. They did not prevail at trial on their article 21.21 claims of false, misleading, deceptive or unconscionable actions or practices. *See* Tex. Ins. Code Ann. art. 21.21 . We have just determined that they are not entitled to recover interest penalties under article 21.55.
>
> **But they [the McMillins] did prevail in their breach-of-contract claim and are entitled to an award of reasonable attorneys' fees established by the evidence.** The fact that a plaintiff makes a claim on an insurance policy **does not** automatically bar recovery of attorneys' fees under section 38.001; instead, "in a

---

[19] Tex. Civ. Prac. & Rem. Code § 38.001.
[20] Tex. Civ. Prac. & Rem. Code § 38.005.
[21] *Medical City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 63 (Tex. 2008).
[22] *McMillin v. State Farm Lloyds,* 180 S.W.3d at 209.

8

>  policyholder's successful suit for breach of contract against an insurer that is subject to the provisions listed in section 38.006, **the insurer is liable for reasonable attorneys' fees incurred in pursuing the breach-of-contract action under section 38.001 unless the insurer is liable for attorneys' fees under another statutory scheme."** *Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5, 43 Tex. Sup. Ct. J. 1086 (Tex. 2000). **The McMillins are eligible to be awarded attorneys' fees for prevailing on their breach-of-contract claim.** *See* **Tex. Civ. Prac. & Rem. Code Ann. § 38.001**.[23]

18. Similarly, in *Brandley v. Allstate Tex. Lloyd's*—another first-party case against an insurance-company-defendant that was a Lloyds Plan, not a "corporation"—a district court of the Southern District of Texas denied Allstate's motion to dismiss the plaintiffs' claim for attorneys' fees, stating that the Texas Supreme Court had previously held that in Texas, an insured may recover attorneys' fees for his breach of contract claim against his insurer.[24]

19. In *Gibbons-Markey v. Tex. Med. Liability Trust*, a district court of the Western District of Texas held that a trust, a noncoporate entity, could be held liable for attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, stating that "[i]t has long been Texas law that an insuring entity is liable for the attorneys' fees incurred by an insured in a breach of contract action."[25]

20. Likewise, in *Grapevine Excavation, Inc. v. Maryland Lloyds*, a case in which the insurer was also Lloyd's Plan, like Defendant State Farm in this case, the Texas Supreme Court expressly affirmed the right of an insured to recover attorneys' fees from a defendant-insurer for breach of contract.[26] **There, the Court explicated that "[S]ection 38.006 provides recovery of attorneys' fees from insurers in breach-of-contract actions unless attorneys' fees are otherwise**

---

[23] *Id*. (internal citations omitted) (emphasis added).
[24] *Brandley v. Allstate Tex. Lloyd's*, 2008 U.S. Dist. LEXIS 36583, *5-6 (S.D. Tex. May 2, 2008).
[25] *Gibbons-Markey v. Tex. Med. Liability Trust (In re Gibbons-Markey),* 2006 U.S. Dist. LEXIS 79657, *13 (W.D. Tex. November 1, 2006).
[26] *Grapevine Excavation, Inc.,* 35 S.W.3d at 3.

9

**available.**"[27]  Moreover, the Court expressly stated that Chapter 38 was meant "to exclude only those claims against insurance companies where attorneys' fees [are] already available by virtue of other specific statutes"[28] and that an insurer is liable for attorneys' fees incurred in the prosecution of a breach of contract action under Section 38.001 *unless* the insurer is liable for attorneys' fees under another statutory scheme.[29]

21.     Accordingly, it is well-established Texas law, therefore, that an insurer—including an insurer that is not a corporation or corporate entity—may be found liable for attorneys' fees reasonably incurred in pursuing a claim for breach of contract against the insurer pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

22.     As Defendant State Farm cannot meet its summary judgment burden to conclusively show that it is entitled to summary judgment on Plaintiffs' claim for attorneys' fees for their breach of contract claim against State Farm as a matter of law, State Farm's Traditional Motion for Partial Summary Judgment must be denied.

### a. The Texas Supreme Court's Opinion in *Grapevine*.

23.     A closer review of the Texas Supreme Court's opinion in *Grapevine*, and the history of Chapter 38, further demonstrates that recovery of attorneys' fees from State Farm by Plaintiffs for breach of contract should not be limited or prohibited, here, *unless* State Farm is found to be liable to Plaintiffs for attorneys' fees under another statutory scheme.

24.     First, the Court did not carve out any other exceptions to the right to recover attorneys' fees from a defendant-insurer in a breach of contract action in *Grapevine,* nor did it limit the right to recover attorneys' fees for a breach of contract claim to only those insurers or insurance companies

---

[27] *Id*. (emphasis added).
[28] *Id*. at 5 (quoting *Prudential Ins. Co. v. Burke*, 614 S.W.2d 847, 850 (Tex. Civ. App. – Texarkana), writ ref'd n.r.e., 621 S.W.2d 596, 597 (Tex. 1981) (per curiam)).
[29] *Id*. at 5.

10

that are incorporated or that constitute "corporations." Rather, the Court issued a broad ruling and holding that the award of attorneys' fees under Chapter 38 depends solely on whether the insurer has been found liable for attorneys' fees under another statute or only under the breach of contract action.[30]

25.     Second, the *Grapevine* opinion further serves to support an award of attorneys' fees pursuant to Chapter 38 against a defendant-insurer that is a Lloyds Plan, like Defendant State Farm, because the dissenting opinion in that case expressly states that "it is clear that the Legislature intentionally omitted certain insurance companies from the scope of section 38,"[31] and, yet, the majority opinion makes clear that the majority was not persuaded by such argument in issuing the majority opinion, instead holding that the longstanding and established Texas precedent is that recovery of attorneys' fees in a successful breach of contract action against an insurer is to be permitted unless attorneys' fees are otherwise available governed.[32]

26.     Third, since the Court in *Grapevine*, held that Section 38.006 allows recovery of attorneys' fees in a successful breach of contract action against an insurer unless attorneys' fees are otherwise available, ***despite the express language of Section 38.006,*** which, if strictly read, would appear to prohibit or exclude recovery of attorneys' fees from an insurer for a breach of contract claim arising out of a contract that is otherwise subject to the provisions of Chapters 541 of the Texas Insurance Code,[33] arguably, *Grapevine* stands for the proposition a liberal reading and interpretation of the relevant sections of Chapter 38 is appropriate in lieu of strict reading of the statute. As such, *Grapevine* further supports the position that Section 38.001 may be properly interpreted to allow recovery of attorneys' fees from a defendant-insurer or defendant-insurance company that is found

---

[30] *Id.*
[31] *Id.* at 12 (Phillips, C.J., dissenting).
[32] *Id.* at 5.
[33] *Id.* at 5; *see also* Tex. Civ. Prac. & Rem. Code § 38.006.

11

liable for breach of an insurance contract and is not a "corporations." The Court potentially came to this conclusion because, as this Court and State Farm are well-aware, a Lloyds Plan like State Farm—even though not a legally incorporated entity—otherwise enjoys the full range of privileges afforded to any other insurance company, in Texas, that has been authorized to issue policies in the State of Texas by the Texas Department of Insurance.

### b. Legislative History.

27. Additionally, as State Farm admits in its MSJ, former Article 2226 of the Texas Revised Civil Statutes, Chapter 38's predecessor, allowed the recovery of attorneys' fees from any person, corporation, or other legal entity.[34] Importantly, the Supreme Court in *Grapevine* clarified that "[t]he Legislature codified article 2226 as chapter 38 in 1985 without substantial change" and therefore the construction of article 2226 by Texas courts should be upheld, as "it is a firmly established statutory construction rule that once appellate courts construe a statute and the Legislature re-enacts or codifies that statute without substantial change, [courts] presume that the Legislature has adopted the judicial interpretation."[35]

28. Therefore, the fact that the Legislature meant to codify article 2226 without substantial changes and that Section 38.005 mandates that Chapter 38 of the Texas Civil Practice & Remedies Code is to be liberally construed, particularly in light of the lack of any decision by the Texas Supreme Court interpreting Section 38.001 as precluding the recovery of attorneys' fees from noncorporate entities, defeats Defendant's request for summary judgment on Plaintiffs' claim for attorneys' fees.

29. Moreover, it is important to note that while State Farm argues that it cannot be liable for attorneys' fees on Plaintiffs' breach of contract claim because it is a Lloyd's plan and not a

---

[34] *See* Dkt. #75 at ¶10.
[35] *Grapevine*, 35 S.W.3d at 5.

12

corporation, Texas courts have treated Lloyd's plans as corporations for purposes of finding liability against them. In *Crum & Foster, Inc. v. Monsanto Co.*, the Texarkana Court of Appeals stated:

> The appellants also contend that Commonwealth Lloyd's could not be subject to the piercing of the corporate veil because Commonwealth Lloyd's is not a corporation. Commonwealth Lloyd's is not a corporation but is controlled by its underwriters and maintains its own directors, officers, bylaws, books and records, and assets and liabilities. Commonwealth Lloyd's is set up under the Lloyd's plan, TEX. INS. CODE ANN. arts. 18.01-18.24 (Vernon 1981 & Supp. 1994). Under this plan, individuals, partnerships, or associations of individuals are authorized to write any insurance, except life insurance, by executing articles of agreement expressing their purpose to do so and complying with the requirements set forth in the Insurance Code for this type of business. The plan provides for limitation of liability of the underwriters, and the companies operating under the Lloyd's plan have many of the characteristics of a corporation. As the court said in *Garner v. Jones*, 81 S.W.2d 536 (Tex. Civ. App.-El Paso 1935, writ dism'd), such organizations have a legal status that is more in the nature of corporate entities and should be regarded as insurance corporations, citing *In re Lloyds of Texas*, 43 F.2d 383 (N.D. Tex. 1930).[36]

Thus, State Farm, as a Lloyd's plan, has many of the characteristics of a corporation and its legal status is, as the *Crum* court held, more in the nature of corporate entities, and as such should be regarded as an insurance corporation.

30. In fact, in *Fleming & Assocs., L.L.P. v. Barton*, the case on which State Farm relies in support of its summary judgment motion, the plaintiff had not argued that the defendant, a limited liability partnership, should have been treated as a corporation under Chapter 38 of the Texas Civil Practice & Remedies Code.[37] Thus, *Fleming* is not dispositive of the issue here, as contrary to the plaintiff in *Fleming*, Plaintiffs have demonstrated that State Farm as a Lloyd's plan should be regarded as a corporation for purposes of awarding attorneys' fees to Plaintiffs on their breach of contract claim. Moreover, *Fleming* was not a first-party insurance case, and applying its rationale

---

[36] *Crum & Forster, Inc. v. Monsanto Co.*, 887 S.W.2d 103, 148-149, 1994 Tex. App. LEXIS 2300, *130-131 (Tex. App. Texarkana 1994).
[37] *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560 (Tex. App. – Houston [14th Dist.] 2014).

13

to a first-party insurance case would make it impossible to reconcile it with *Grapevine*, in which the Texas Supreme Court in construing Chapter 38 allowed recovery of attorneys' fees under this Chapter and against an insurer that was neither an individual nor a corporation, but rather a Lloyd's entity just like Defendant State Farm.

31.   As such, Defendant State Farm's Traditional Motion for Partial Summary Judgment should be denied.

### B. Allowing Plaintiffs to Recover Attorneys' Fees from State Farm Under Chapter 38 is Appropriate Under Equitable Principles.

32.   As State Farm's summary judgment evidence shows, State Farm has elected to designate a Texas corporation, State Farm Lloyds, Inc., as attorney in fact,[38] and has presumably done so to give such attorney in fact all the protections Texas law confers to corporations.  In other words, State Farm is reaping all the benefits Texas law bestows upon corporations, while at the same time using its status as a Lloyd's plan to shield itself from liability for its failure to comply with the insurance contracts it is part of.  By using corporate entities to act on its behalf, State Farm should have expected to be subject to the provisions of Chapter 38 of the Texas Civil Practice & Remedies Code, among other statutes.  In fact, State Farm Lloyds is subject to the provisions and duties established by Chapter 541 of the Texas Insurance Code, notwithstanding its status as a Lloyd's entity,[39] under which an insured can recover attorneys' fees from an insurer, including a Lloyd's plan.[40]  That Chapter 541 allows the recovery of attorneys' fees from Lloyd's entities shows that it is the public policy in Texas that Lloyd's entities be liable for the attorneys' fees incurred by insureds in the prosecution of their claims.

---

[38] *See* Exhibit B attached to Defendant's Appendix at ¶ 5, Dkt. #76-2.
[39] Tex. Ins. Code §541.002.
[40] Tex. Ins. Code §541.152.

33. Furthermore, in their Original Petition, Plaintiffs have alleged that State Farm's conduct constitutes both a breach of the insurance contract and violations of Chapter 541, as many of the acts that violates Chapter 541 also breach the insurance policy. For example, Plaintiffs have alleged that State Farm underpaid Plaintiffs' claim, which constitutes not only a breach of State Farm's duties under the policy, but also a violation of Section 541.060 of the Texas Insurance Code.[41] As explained above, Plaintiffs do not seek the recovery of attorneys' fees solely under their claim for breach of contract, but also pursuant to their claim under Chapters 541 and 542 of the Texas Insurance Code. Plaintiffs is not only entitled to maintain their claim for the attorneys' fees incurred in the prosecution of their claims under Chapters 541 and 542 of the Texas Insurance Code, but also under their breach of contract action, as the fees incurred in pursuing their contractual claim will also incurred in prosecuting their extra-contractual claims.

34. If not for State Farm's breach of the policy and wrongful conduct, Plaintiffs would not have needed to file this lawsuit and incur attorneys' fees to pursue their claims and their fair resolution. Considering the intention established by Section 38.005 of the Texas Civil Practice & Remedies Code that Chapter 38 be liberally construed, and to the ruling in *Crum* that Lloyd's entities should be regarded as insurance corporations, State Farm should be treated as a corporation for purposes of determining whether Plaintiffs can recover attorneys' fees from State Farm on their breach of contract claim. It is clear that one of the purposes behind Chapter 38 is to allow the recovery of attorneys' fees against insurance companies in breach of contract claims where no other statute would allow the plaintiff to be awarded attorneys' fees. Pursuant to such purpose, and in light of the court's opinion in *Crum* that Lloyd's entities such as State Farm should be treated as corporations, Plaintiffs move that State Farm's MSJ be denied in its entirety.

---

[41] *See Plaintiffs' Original Petition*, Dkt. #1.  *See also* Tex. Ins. Code 541.060(2).

15

## V.  CONCLUSION AND PRAYER

35. Because Plaintiffs may properly recover attorneys' fees for their breach of contract claim against State Farm pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code and longstanding Texas law on this issue, summary judgment is not appropriate. Defendant State Farm cannot meet its summary judgment burden to conclusively show that it is entitled to summary judgment on Plaintiffs' claim for attorneys' fees for their breach of contract claim against State Farm as a matter of law. As such, State Farm's Traditional Motion for Partial Summary Judgment should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that *Defendant State Farm Lloyds' Motion for Partial Summary Judgment Regarding Plaintiffs' Request for Recovery of Attorneys' Fees on Their Breach of Contract Claim* be denied and that Plaintiffs have such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Gregory F. Cox*
Gregory F. Cox
Texas Bar No. 00793561
MOSTYN LAW
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 ( Facsimile)
gfcox@mostynlaw.com
rmsdocketefile@mostynlaw.com

***Attorney-In-Charge for Plaintiffs***

                                        Brian P. Lauten
                                        Texas Bar No. 24031603
                                        DEANS & LYONS, LLP
                                        Republic Center
                                        325 North Saint Paul St., Ste. 1500
                                        Dallas, Texas 75201
                                        Phone: 214-736-7861
                                        Fax: 214-965-8505
                                        blauten@deanslyons.com

                                        *L.R. 83.10 Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this, the 6th day of January, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties by and through its attorney(s) of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

                                        */s/ Gregory F. Cox*
                                        Gregory F. Cox