**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SANTIAGO CANO AND MARILU** | § | |
| **CANO,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:14-CV-02720-L** |
| | § | |
| **STATE FARM LLOYDS, *et al.,*** | § | |
|     **Defendants.** | § | |

**BRIEF IN SUPPORT OF PLAINTIFFS SANTIAGO AND MARILU CANO'S
RESPONSE TO DEFENDANT RICARDO ALVARADO'S
MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ......................................................................................... iii

I.    RELEVANT UNDISPUTED FACTS ................................................................ 1

II.   SUMMARY JUDGMENT STANDARDS ....................................................... 2

III.  ARGUMENT AND AUTHORITIES ............................................................... 3

    A.    THE FACTS ALLEGED IN PLAINTIFFS' LIVE PLEADING SUPPORT PLAINTIFFS' VALID CLAIMS AGAINST ALVARADO. ................................................................ 3

    B.    PLAINTIFFS' TEXAS INSURANCE CODE CLAIMS AGAINST ALVARADO ARE VIABLE. ..... 5

        1.    *Section 541.060(a)(1): Prohibition against "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."* ........................................ 5

        2.    *Section 541.060(a)(2): Prohibition against "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of (a) claims where the insurer's liability is reasonably clear."* ............................................................................................. 8

        3.    *Section 541.060(a)(3): Prohibition against: "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim,"and*

        *Section 541.060(a)(4) Prohibition against: "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder.* ................................................................................................. 10

        4.    *Section 541.060(a)(7): Prohibition against: "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."* ................................... 13

**C.**     OUTSTANDING ISSUES OFMATERIAL FACT EXIST THAT PRECLUDE SUMMARY JUDGMENT ON PLAINTIFFS' SECTION 541.060 CLAIMS. ........................................................14

**D.**     POST-LOSS MISREPRESENTATIONS ARE ACTIONABLE UNDER TEXAS LAW AND MAY GIVE RISE TO LIABILITY UNDER CHAPTER 541 OF THE TIC.................................................17

**E.**     THE TEXAS SUPREME COURT RECENTLY ACCEPTED THE CERTIFIED QUESTION OF WHETHER AN "INDEPENDENT INJURY" IS ...............................................................19

**F.**     PLAINTIFFS' CLAIMS ARE SUFFICIENCY PLEAD PURSUANT TO FED. R. CIV. P. 9(B)..21

     *1.     Standards of Review for Rule 9(b).* ..........................................................21

     *2.     Alvarado's interpretation that Rule 9(b) can be used to dismiss claims outside fraud and mistake (i.e., Plaintiffs' TIC claims) is incorrect.* .....................................22

     *3.     Plaintiffs' fraud claim against Alvarado is sufficiently pled pursuant to Rule 9(b).* ...................................................................................................23

**IV.     CONCLUSION**.................................................................................................24

**CERTIFICATE OF SERVICE** ...............................................................................26

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. CT. 1348 (1986) ......................................3

*American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc*., 115 Fed. (5th Cir. 2004)..............23

*Arana v. Allstate Texas Lloyds*, No. 13-CV-0750, 2013 U.S. Dist. LEXIS 70033, 2013 WL
    2149589, (N.D. Tex. May 17, 2013)...................................................................................9

*Askanase v. Fatjo, 148 F. R. D. 570 (S.D. Tex. 1993)*..............................................................24

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................22

*Benchmark Electronics, Inc. v. J.M. Huber Corp*., 343 F.3d 719 (5th Cir. 2003) ......................21

*Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc. (In re Deepwater Horizon)*, No. 14-
    31321, 2015 U.S. App. LEXIS 20115 (5th Cir. 2015)(emphasis added)................................20

*Cardona v. ASI Lloyds*, 2015 U.S. LEXIS 1477, 2015 WL 93470 ..........................................5, 7

*Castaneda v. Nationwide Prop. & Cas. Ins, Co.,* 2011 U.S. Dist. LEXIS 98521, 2011 WL
    3875362 (S.D. Dist. Sept. 1, 2011) ..........................................................................................11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986) ...................................................2

*Corwin v. Marney, Orion Inv*., 788 F.2d 1063 (5th Cir. 1986) ..................................................22

*Denley Grp. L.L.C. v. Safeco Ins. Co. of Ind.,* 2015 U.S. Dist. LEXIS 133432 (N.D. Tex. Sept.30,
    2015)..........................................................................................................................8, 9

*Douglas v. Neill*, 545 S.W.2d 903 (Tex. Civ. App.—Texarkana 1977) ......................................24

*Effinger v. Cambridge Integrated Servs. Gp*., 478 Fed. App'x 804 (5th Cir. 2011) ..............17, 18

*Freiburg v. Freiburg,* 11 S.W. 1123 (Tex. 1889)......................................................................24

*Glidewell v. Safeco Ins. Co*., 2015 U. S. Dist. LEXIS 106795
    (N.D. Tex. Aug. 13, 2015)...........................................................................................passim

*Harvey Const. Co. v. Robertson-Ceco Corp.,* 10 F.3d 300 (5th Cir. 1004) ..................................3

*Kennard v. Indianapolis Life Ins. Co*., 420 F. Supp.2d 601 (N.D. Tex. 2006) ...........................23

*Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*,
    507 U.S. 163 (1996)...................................................................................................22

*Linron Props. v. Wausau Underwriters Ins. Co*., No. 3:15-CV-00293-B, 2015 U.S. Dist. LEXIS
    77357 (N.D. Tex. June 16, 2015)......................................................................................9

*Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) ...................................................3

*Matsushita Elec. Indus. CO. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986)..........3

*Messersmith v. Nationwide Mut. Fire Ins. Co*., 10 F. Supp.3d 721 (N.D. Tex. April 7, 2014) ......8

*Mid-Continent Cas. Co. v. Eland Energy, Inc.,* 795 F. Supp2d 493 (N.D. Dist. 2011), *aff'd* 2013
    U.S. App. LEXIS 3741 (5th Cir. Tex. Feb. 22, 2013) ...........................................................11

*Mitchell Energy Corp. v. Martin*, 616 F. Supp. 924 (S.D. Tex. 1985) ......................................21

*NationsBank v. Dilling*, 922 S.W.2d 950 (Tex. 1996). ................................................................12

*Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'Ship*, 520 F.3d 409, (5th Cir. 2008)
   (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)) ....................................................2

*One Way Investments Inc. v. Century Surety Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277
   (N.D. Tex. Dec. 11, 2014) ........................................................................................................8

*Otis Engineering Corp. v. Clark*, 668 S.W.2d 307 (Tex. 1983) ..................................................17

*Palma v. Allstate Texas Lloyd's*, 2014 U.S. Dist. LEXIS 1988, 2014 WL 66867 ....................5 ,7

*Provident Am. Inc. Co. v. Castaneda*, 988 S.W.2d 189 (Tex. 1990) *overruled on other grounds,
   Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378 (Tex. 2000) ..............................................18, 19

*Ross v. Nationwide Property & Casualty Insurance Company*, 2013 U.S. Dist. LEXIS 42153,
   2013 WL 1290225 ................................................................................................................5, 7

*Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688 (Tex. 1979) ......................18, 19

*Russell v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir. 1999) ...........................21

*Russell v. State Farm Lloyds*, 2001 U.S. Dist. LEXIS 16722, 2001 WL 1326501 (N.D. Tex. Oct.
   15, 2001) ................................................................................................................................10

*Simmons v. Northfield Ins. Co.,* 2015 U.S. Dist. LEXIS 116768 (E.D. Dist. Sept. 2, 2015) ..........9

*State ex. Rel. Attorney General v. Shippers Compress & Warehouse, Co.,* 67 S.W. 58 (Tex.
   1903) (conspiracy is a question of fact) ................................................................................24

*Stewart v. Nationwide Property & Casualty Insurance Company,* 2011 U.S. Dist. LEXIS
   111465, 2011 WL 4592256 ..................................................................................................6, 7

*Ten-Cate v. First Nat. Bank of Decatur,* 52 S.W.2d 323 (Tex. Civ. App.—Fort Worth 1932) ....24

*Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012) ..............................................17, 18

*USA v. Epic Healthcare Mgmt. Group,* No. H-05-0151, 1998 U.S. Dist. LEXIS 1074 (S.D. Tex.
   June 23, 1998) ........................................................................................................................21

*Veillon v. Exploration Services, Inc.,* 876 F.2d 1197, 1200 (5th Cir. 1989) ..................................3

**Statutes**

Tex. Ins. Code §541.060(a)(1)..............................................................................................passim
Tex. Ins. Code §541.060(a)(2)(A) ........................................................................................passim
Tex. Ins. Code §541.060(a)(3)..............................................................................................passim
Tex. Ins. Code §541.060(a)(4)..............................................................................................passim
Tex. Ins. Code §541.060(a)(7)..............................................................................................passim

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................................21
Fed. R. Civ. P. 56(a)..............................................................................................................15
Fed. R. Civ. P. 56(c)(1). ........................................................................................................15

TO THE HONORABLE SAM A. LINDSAY:

COME NOW, Santiago Cano and Marilu Cano ("Plaintiffs") and file this, their *Brief in Support of Plaintiffs' Response to Defendant Ricardo Alvarado's Motion for Summary Judgment,* and in support of denying the *Motion for Summary Judgment* ('MSJ") filed by Ricardo Alvarado ("Alvarado" or "Defendant"), Plaintiffs would show the Court as follows:

## I.     RELEVANT UNDISPUTED FACTS

1.     This is a first-party insurance claim dispute arising out of a hail and/or windstorm that struck Dallas County on or about June 13, 2012 and severely damaged Plaintiffs' real property located at 2601 Crestbrook Ln., Grand Prairie, TX 75052, in Dallas County ("the Property").[1] Plaintiffs made a claim against their Texas Homeowner's Insurance Policy, ("the Policy") which was issued by State Farm.[2]   State Farm assigned Alvarado as the individual adjuster on Plaintiffs' claim.[3] State Farm ultimately relied on Alvarado's unreasonable investigation of Plaintiffs' damages, resulting in Plaintiffs' claim being undervalued and underpaid.[4]

2.     On May 23, 2014, Plaintiffs filed suit against Defendants in state district court seeking damages resulting from the mishandling of Plaintiffs' claim for coverage.[5]

3.     Plaintiffs have asserted causes of action for violations of Chapter 541 of the Texas Insurance Code against Defendant Alvarado, including Sections 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7), and Plaintiffs also asserted causes of action for fraud and conspiracy to commit fraud against both Alvarado and State Farm.[6] Finally, as to State Farm, Plaintiffs asserted additional causes of action for breach of contract, breach of the duty of good faith and fair dealing, and violations of Chapters 541 and

---

[1] *See* Dkt. # 1, Ex. F, ¶ 12.
[2] *Id.* at ¶13.
[3] *Id.* at ¶15.
[4] *Id.* at ¶¶ 15-20.
[5] *See* Dkt. #1, Ex. F.
[6] *Id.* at ¶¶ 21-25, 33-40, 42-45.

542 of the Insurance Code.[7]

4.      In June, 2014, Defendants removed this suit to this Court on diversity jurisdiction grounds.[8]

5.      On December 18, 2015, Alvarado filed his MSJ[9] arguing that he is entitled to summary judgment as a matter of law because Plaintiffs failed to properly plead, and, thus, could not prove, a valid claim against him under Texas law. As shown below, Plaintiffs' claims against Alvarado are viable, and genuine disputed issues of material fact exist precluding summary judgment.

## II.      SUMMARY JUDGMENT STANDARDS

6.      A summary judgment movant has the burden of demonstrating that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[10] The movant "always has the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[11]

7.      "If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim."[12] The movant must support its assertion by "citing to particular parts or materials in the record, showing that the materials cited do not establish the …presence of a genuine dispute, or

---

[7] *Id.* at ¶¶ 42-45, 46-58, 61-62.
[8] *See* Dkt # 1.
[9] *See* Dkt. # 77, 78, 79.
[10] Fed. R. Civ. P. 56(a).
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2533 (1986).
[12] *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[showing] that the adverse party cannot produce admissible evidence to support the fact."[13] If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.[14] Only if the movant meets its burden will the burden then shift to the nonmoving party to establish the existence of a genuine issue of material fact for trial.[15] A genuine issue of material fact exists if a reasonable jury would enter a verdict for the nonmovant.[16]

8.     In evaluating Alvarado's MSJ to determine whether a genuine disputed issue of material fact exist, this Court must view the evidence, and draw all reasonable inferences from the underlying facts, in the light most favorable to Plaintiffs.[17] Importantly, a district judge has discretion to deny a rule 56 motion—***even if*** the movant otherwise successfully carries its burden of proof—if the judge has doubts as to the wisdom of terminating the case before a full trial.[18].

9.     As demonstrated herein, Alvarado has failed to meet his summary judgment burden because genuine, disputed issues of material fact exist that must be decided by a jury, thereby precluding summary judgment. As such, Plaintiffs respectfully urge the Court to exercise its discretion in Plaintiffs' favor and deny Defendant's Alvarado's MSJ.

### III.     ARGUMENT AND AUTHORITIES

**A.     THE FACTS ALLEGED IN PLAINTIFFS' LIVE PLEADING SUPPORT PLAINTIFFS' VALID CLAIMS AGAINST ALVARADO.**

10.     As Defendant Alvarado concedes in his MSJ, Texas law permits individual adjusters to be held independently liable for their violations of Chapter 541 of the Texas Insurance Code.[19]

---

[13] Fed. R. Civ. P. 56(c)(1).
[14] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[15] *See MacMillan v. U.S.*, 46 F.3d 377, 380 (5th Cir. 1995).
[16] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. CT. 1348 (1986).
[17] *See Matsushita Elec. Indus. CO. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).
[18] *See Veillon v. Exploration Services, Inc.,* 876 F.2d 1197, 1200 (5th Cir. 1989); *see also Harvey Const. Co. v. Robertson-Ceco Corp.,* 10 F.3d 300, 304 n 12 (5th Cir. 2004) (district court generally has right to decline to summarily resolve a case before it unless the defendant is entitled to absolute or qualified immunity).
[19] *See* Dkt. # 78 at 9 n.22.

Here, *Plaintiffs' Original Petition* includes the specific factual allegations enumerated below, which sufficiently support Plaintiffs' full claims and causes of action against Alvarado in this suit:

- "State Farm assigned Defendant **Alvarado** as the individual adjuster on the claim." [20]
- "**Alvarado** was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim." [21]
- "On July 1, 2012, **Alvarado** conducted a substandard inspection of Plaintiffs' property." [22]
- "For example, **Alvarado** spent a mere twenty (20) minutes inspecting Plaintiffs' entire Property for Storm damages." [23]
- 'The inadequacy of **Alvarado's** inspection is further evidenced by his report, which failed to include all of Plaintiffs' Storm damages noted upon inspection." [24]
- "For example, **Alvarado** failed to include the damages to the home's interior, porch, and fence in his report." [25]
- "Moreover, the damages that **Alvarado** actually included withheld material sales tax and prospective contractors' overhead and profit from his estimate." [26]
- "Ultimately, **Alvarado's** estimate did not allow adequate investigation was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid." [27]
- "Defendant State Farm's personnel failed to thoroughly review and properly oversee the work of its assigned adjusters, including Defendant **Alvarado**, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' claim." [28]
- "Together, Defendants State Farm and **Alvarado** set about to deny and/or underpay on properly covered damages." As a result of these Defendants' [State Farm and **Alvarado**] unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their dome, Plaintiffs' claim was improperly adjusted." [29]

---

[20] *See* Dkt. # 1, Ex. F. at 3 ¶15.
[21] *Id*. at 3-4.
[22] *Id*. at 4.
[23] *Id*.
[24] *Id*.
[25] *Id*.
[26] *Id*.
[27] *Id*.
[28] *Id*. at 4 ¶16.
[29] *Id*. at 4 ¶17.

- "Defendant State Farm and **Alvarado** knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs."[30]
- "As a result of Defendants State Farm's and **Alvarado's** wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action."[31]

B.  **PLAINTIFFS' TEXAS INSURANCE CODE CLAIMS AGAINST ALVARADO ARE VIABLE.**

1.  *Section 541.060(a)(1): Prohibition against "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."*

11.  **Alvarado's Contention:** Alvarado asserts that Plaintiffs' pleading of this first violation of the Texas Insurance Code ("TIC") "fails on its face"[32] because the "misrepresentations must be about the details of a policy, not the facts giving rise to a claim for coverage."[33]

12.  **Plaintiffs' Response:** Alvarado's interpretation of Section 541.060(a)(1) that misrepresentations under this section must concern details of a policy rather than misrepresentations giving rise to a claim, has not been universally accepted by all Texas federal courts in applying substantive state insurance law much less by all the federal district courts in this Northern District division. For example, in *Glidewell v. Safeco Ins. Co.*,[34] a removed case in the Northern District, the Court reviewed the identical defendant's argument as Alvarado's here--that misrepresentations under TIC Section 541.060(a)(1) must be about the details of the policy—and rejected it. Significantly, the Court in *Glidewell* found that; "such a reading unduly narrows the scope of the provision, as it renders the term 'material fact' in §541.060(a)(1) superfluous."[35] The court went on to state:

> **Moreover, numerous cases have found allegations similar to those here sufficient to state a claim under this provision [§541.060(a)(1)].** *See e.g. Palma v. Allstate Texas Lloyd's*, No. 7:13-CV-575, 2014 U.S. Dist. LEXIS 1988, 2014 WL

---

[30] *Id.* at 8 ¶30.
[31] *Id.* at 8 ¶31.
[32] *See* Dkt. # 78 at 9.
[33] *Id.*
[34] *Glidewell v. Safeco Ins. Co.*, 2015 U. S. Dist. LEXIS 106795 (N.D. Tex. Aug. 13, 2015).
[35] *Id.* at *12.

66867, at *2 (S.D. Tex. Jan. 8, 2014); *Cardona*, [*Cardona v. ASI Lloyds*, No. 3:14-CV-3736-G], 2015 U.S. LEXIS 1477, 2015 WL 93470, at *1-3 [N.D. Tex. Jan. 6, 2015]; *Ross* [*Ross v. Nationwide Property & Casualty Insurance Company*, No. H-12-3495], 2013 U.S. Dist. LEXIS 42153, 2013 WL 1290225 at *3 (S.D. Tex. Mar. 26, 2013)(**allegations that adjuster 'mishandled the claim by misrepresenting the cause of scope of, and cost to repair the damage to [plaintiff's] property; misrepresenting the amount of loss, and misrepresenting the insurance coverage for the loss…could if proven true, establish [adjuster's] liability for misrepresenting material facts about the coverage at issue under Tex. Ins. Code §541.060(a)(1)**); *Stewart v. Nationwide Property & Casualty Insurance Company*, No. H-10-3021, 2011 U.S. Dist. LEXIS 111465, 2011 WL 4592256, at *5 (S.D. Tex. Sept. 29, 2011) (**allegations that adjuster inadequately inspected property, omitted damages in report and undervalued damages constituted misrepresentations of material facts about the coverage at issue under Tex. Ins. Code §541.060(a)(1).**[36]

13.     The below comparison of the factual allegations against the adjuster-defendant in *Glidewell* (i.e., Davis) with those pled by Plaintiffs against Alvarado, here, reveals their sameness:

| *Glidewell*/Davis | *Cano*/Alvarado |
| --- | --- |
| "Davis improperly adjusted the claim on the damaged property by conducting a 'substandard investigation and inspection.'"[37] | Alvarado "failed to perform a thorough investigation of Plaintiffs' claim"…and "conducted a substandard inspection."[38] |
| "Davis allegedly failed to report all of the damage he observed during the inspection and undervalued the damages."[39] | "The inadequacy of Alvarado's inspection is further evidenced by his report, which failed to include all of Plaintiffs' Storm damages noted upon inspection… [t]he damages that Alvarado actually included in his report were grossly undervalued."[40] |
| "Davis's misrepresentation led Safeco to underpay on the insurance claim." [41] | "Alvarado's inadequate inspection was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid."[42] |
| "Safeco and Davis performed an outcome-oriented investigation…result[ing] in a bias, | "Together, Defendants State Farm and Alvarado set about to deny and/or underpay |

---

[36] *Id.* at *12-13 (emphasis added).
[37] *Id.* at *2.
[38] *See* Dkt. # 1, Ex. F at 4 ¶15.
[39] *Glidewell,* 2015 U.S. Dist. LEXIS 106795 at *2.
[40] *See* Dkt. # 1, Ex. F at 4 ¶15.
[41] *Glidewell,* 2015 U.S. Dist. LEXIS 106795 at *2.
[42] *See* Dkt. # 1, Ex. F at 4 ¶15.

| unfair, and inequitable valuation of Glidewell's property losses." [43] | on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted." [44] |
|---|---|

14.    The Court in *Glidewell* held that plaintiff had stated a valid claim under Section 541.060(a)(1) for the misrepresentations by adjuster Davis of the amount of damages to plaintiff's property, which was a material fact related to the coverage at issue. [45] The congruence in Plaintiffs' facts against Alvarado and the facts pled against the adjuster in *Glidwell* portends the same result.

15.    In reaching its holding, the *Glidewell* Court further added two more important findings to its decision. First, it found that the plaintiff's petition which contained near-verbatim recitation of certain provisions in the Texas Insurance Code was sufficient to state a claim against the adjuster as long as sufficient facts describing the adjuster's conduct were also alleged. [46] Second, the Court found that the allegations clearly distinguish between Davis and Safeco, "leaving no question that Davis, rather than Safeco, allegedly performed these acts." [47] These two additional findings in *Glidewell* as well as its holding are applicable to the pleading and facts alleged here.

16.    In summary, Plaintiffs assert, contrary to Alvarado's contention, under TIC Section 541.060(a)(1) for validity purposes of the liability of an adjuster, Texas law does not universally require misrepresentations only about the details of policy coverage. [48] Rather, as held in

---

[43] *Glidewell,* 2015 U.S. Dist. LEXIS 106795 at *2.
[44] *See* Dkt. #1, Ex. F at 4 ¶17.
[45] *See Glidewell,* 2015 U.S. Dist. LEXIS 106795 at *11.
[46] *Id.*
[47] *Id.* at * 12.
[48] *See* Dkt. # 78 at 9.

*Glidewell*, and Texas federal district courts in *Palma,*[49] *Cardona,*[50] *Ross,*[51] and *Stewart,*[52] to name a few, plaintiffs have been found to have sufficiently alleged a valid claim of misrepresentations by adjusters under TIC Section 541.060(a)(1) by alleging specific facts of adjuster misconduct in handling a claim including: (1) by misrepresenting the cause of the scope of damages and cost of repair, (2) by misrepresenting the amount of the loss, (3) by conducting a substandard investigation, (4) by failing to include in his report all of the damages noted during the inspection, (5) by undervaluing the damages observed during the inspection, and (6) by performing an outcome-oriented investigation all of which led to the underpayment of and an inequitable evaluation of the policyholder's claim. As in *Glidewell* and the cases cited above, Plaintiffs have sufficiently alleged a valid claim under Section 541.060(a)(1) against Alvarado; thus, summary judgment for Alvarado under this section is not warranted as a matter of law—it should be denied.

> ### 2. <u>Section 541.060(a)(2)</u>: Prohibition against "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of (a) claims where the insurer's liability is reasonably clear."

17.   **Alvarado's Contention:** In his MSJ, Alvarado argues that Plaintiffs have failed to state a claim against Alvarado under this TIC section as a matter of law "because as an independent adjuster he has no settlement authority on behalf of State Farm."[53]

18.   **Plaintiffs' Response:** For this proposition of law—no adjuster liability because no settlement authority--Alvarado relies on several Northern District cases such as *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp.3d 721 (N.D. Tex. April 7, 2014) and *One Way Investments Inc. v. Century Surety Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex.

---

[49] *See Palma*, 2014 U.S. Dist. LEXIS 1988, 2014 WL 66867, at *2.
[50] *See Cardona*, 2015 U.S. LEXIS 1477, 2015 WL 93470, at *1-3.
[51] *See Ross*, 2013 U.S. Dist. LEXIS 42153, 2013 WL 1290225 at *3.
[52] *See Stewart,* 2011 U.S. Dist. LEXIS 111465, 2011 WL 4592256, at *5.
[53] *See* Dkt. #78 at 10.

Dec. 11, 2014); however, more recent decisions in the Northern District interpreting this section more broadly, have reached a contrary result.

19.     For example, in *Denley Grp., L.L.C. v. Safeco Ins. Co. of Ind.*,[54] the Court construed TIC Section 541.060(a)(2), by taking a closer look at the <u>precise language</u> prohibiting those engaged in the business of insurance from "failing to attempt in good faith to ***effectuate*** a prompt, fair, and equitable settlement."[55] The Court first looked at Webster's definition of the word **"effectuate"** by referencing the definition for "effect" and found its meaning to be "**to cause to come into being" or "to bring about."**[56] Based on this research, the Court logically reasoned:

> The fact that the statute uses the word 'effectuate' rather than a word that conveys finality (e.g. finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim.
>
> **As the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based.** *See Arana v. Allstate Texas Lloyds*, No. 13-CV-0750, 2013 U.S. Dist. LEXIS 70033, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013)("Adjusters play a role in the investigation, estimation, and settlement of insurance claims.").[57]

20.     In *Denley*, the adjuster violated TIC Section 541.060(a)(2)(A) by, among other conduct, 'failing to perform a proper and complete investigation of the claim,' 'unreasonabl[y] delay[ing]…the investigation, adjustment and resolution of Plaintiff's claim,' and 'ignoring the true facts of the claim.'[58] "The Court commented; "[t]herefore, a delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim."[59] The Court in *Denley*

---

[54] *Denley Grp. L.L.C. v. Safeco Ins. Co. of Ind.*, 2015 U.S. Dist. LEXIS 133432 (N.D. Tex. Sept.30, 2015).
[55] Tex. Ins. Code §541.060(a)(2) (emphasis added).
[56] *See Denley*, 2015 U.S. Dist. LEXIS 133432 at *9.
[57] *Id.* at *10 (emphasis added); *accord Linron Props. v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-00293-B, 2015 U.S. Dist. LEXIS 77357 (N.D. Tex. June 16, 2015).
[58] *Denley*, 2015 U.S. Dist. LEXIS 133432 at *10.
[59] *Id.*

*f*ound that the allegations were sufficient to support a claim against the adjuster in her individual capacity for violating TIC Section 541.060(a)(2)(A).[60]

21.     The above factual allegations pled against the adjuster in *Denley* are substantially similar to those against Alvarado as set forth herein at section IV. A. Accordingly, pursuant to the holdings in *Denley*, *Linron Properties*, and *Simmons*, this Court should find that that Plaintiffs have sufficiently pled allegations against Alvarado to support a claim against him in his individual capacity for violating TIC Section 541.060(a)(2)(A).   Summary judgment is not warranted under this TIC section and it should be denied.

   **3.   Section 541.060(a)(3): Prohibition against: "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim," and**

   **Section 541.060(a)(4) Prohibition against: "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder.**

22.     **Alvarado's Contention**:  Similar to his foregoing contention for Section 541.060(a)(2)(A), Alvarado contends that summary judgment is warranted for Plaintiffs' claims against him under Sections TIC 541.060(a)(3) and 541.060(a)(4) on the ground that "an adjuster cannot be liable under either [§§541.060(a)(3),541.060(a)(4)] because he has neither the responsibility nor the authority to comply with them."[61]

23.     **Plaintiffs' Response**:  Again, Plaintiffs assert that cases from the Northern District as well as the Southern District have construed these sections and held that adjusters can be liable under both sections. In *Russell v. State Farm Lloyds*[62] for example, State Farm and the insurance adjuster defendant moved to dismiss plaintiffs' causes of action under Tex. Ins. Code Ann. Art.

---

[60] *Id.* at \*11; *accord, Linron Properties*, 2015 U.S. Dist. LEXIS 77357 at \*8, *Simmons v. Northfield Ins. Co.*, 2015 U.S. Dist. LEXIS 116768 (E.D. Dist. Sept. 2, 2015).
[61] *See* Dkt. # 78 at 10-11.
[62] *Russell v. State Farm Lloyds*, 2001 U.S. Dist. LEXIS 16722, 2001 WL 1326501 (N.D. Tex. Oct. 15, 2001).

21.21 §4(10)(a)(iv)(West 1981 & Pamp. Supp. 2001), which is the predecessor to Section 541.060(a)(3).[63] *Russell* concerned an insurance dispute over a plumbing leak, which allegedly caused foundation damage to plaintiffs' home.  Plaintiffs alleged, that in an effort to avoid paying their claim, State Farm had hired a biased engineer to investigate the cause of damage.[64] As against State Farm's adjuster, plaintiffs alleged that he; '(1) represented the policy provided coverage for damage caused as a result of plumbing leaks,' '(2) disregarded all pertinent evidence relevant to why this damage was caused by the plumbing leaks,' '(3) failed to fully and properly investigate the Plaintiffs' claim,' '(4) and engaged in an unconscionable course of action by misrepresenting and concealing material facts in connection with the insurance claim.'[65]

24.     The court found that if the adjuster's misconduct under numbers (2) and (3) above were true, it would indicate that the adjuster failed 'to provide promptly to a policyholder a *reasonable* explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim.'[66] The Court, in effect, in finding adjuster liability under these TIC sections, looked to the allegations of the adjuster's diligence to determine if there was evidence of a *reasonable* explanation.[67]

25.     Following *Russell*, the Court in *Castaneda v. Nationwide Prop. & Cas. Ins. Co.*[68] held that an adjuster's unreasonable investigation "could give rise to the inference that any findings

---

[63] *Id.* at *1.
[64] *Id.* at *4.
[65] *Id.*
[66] *Id.* at *9(emphasis in the original).
[67] *See Mid-Continent Cas. Co. v. Eland Energy, Inc.,* 795 F. Supp2d 493, 529 (N.D. Dist. 2011), *aff'd* 2013 U.S. App. LEXIS 3741 (5th Cir. Tex. Feb. 22, 2013).
[68] *Castaneda v. Nationwide Prop. & Cas. Ins, Co.,* 2011 U.S. Dist. LEXIS 98521, 2011 WL 3875362 (S.D. Dist. Sept. 1, 2011).

derived from that investigation, and hence the ultimate explanation of coverage based upon that investigation, were not reasonable, thereby alleging a violation of 541.060(a)(3)."[69]

26.     Here, Alvarado can be held liable under both Sections 541.060(a)(3) and 541,060(a)(4) of the TIC. Plaintiffs have not only sufficiently alleged the facts of Alvarado's conduct in his unreasonable investigation of Plaintiffs' claim[70] but also attach evidence hereto that controverts Alvarado's contention that he cannot be liable under either of these sections because he did not have the responsibility or authority on behalf of the insurer to comply with these sections.

27.     Alvarado's "authority" under these sections is evidenced in the July 1, 2012 letter from Ricardo Alvarado and State Farm, to Santiago Cano, wherein Alvarado provides information regarding the inspection of Plaintiffs' damaged home and the status of Plaintiffs' claim.[71] This letter is on State Farm Insurance letterhead with Ricardo Alvarado's name appearing at the end of the letter.[72] This letter, therefore indicates that Alvarado was acting on behalf of State Farm and is sufficient to cause a reasonably prudent person to believe Alvarado had authority to act on behalf of State Farm. Furthermore, even if Alvarado was not an authorized agent of State Farm, there are, at the very least material issues of fact as to whether State Farm with this letter clothed him with apparent authority to act on State Farm's behalf and whether Alvarado had the authority he purported to exercise.[73]

28.     In addition to these unresolved genuine material issues of fact, this letter constitutes a violation of Section 541.050(a)(3) because, in several respects, it fails to provide the required *reasonable* explanation for the payment of Plaintiffs' claim. First, regarding the issue of $256.97

---

[69] *Id.* at 2011 U.S. Dist. LEXIS 98521, * 4.
[70] *See infra* VI. A.
[71] *See* Appx. at 2-3, Plaintiffs' "Exhibit A" (Copy of July 1, 2012 Letter to Santiago Cano from Ricardo Alvarado re: Status of Plaintiffs' Claim at Appx. 1-3, produced by Defendant State Farm Lloyds at Bates Nos. CLF43152Q604_000055 - CLF43152Q604_000056), attached hereto and incorporated herein.
[72] *See* Appx. at 3, Plaintiffs' "Exhibit A."
[73] *See NationsBank v. Dilling*, 922 S.W.2d 950, 952-53 (Tex. 1996).

taken as depreciation and shown deducted from the total payment of the claim of $1,305.62, the letter fails to discuss and explain "why it was taken" "how it was figured" or "from which damaged item(s)" it was applied. There is no explanation or discussion if this depreciation amount was taken solely for the damaged roof shingles of Plaintiffs' home or if it was a combined total depreciation amount from the damaged home roof <u>and</u> one damaged shed roof.[74] Secondly, the letter provides; "State Farm agrees hail did in fact cause damage to the areas which we have itemized in our estimate"[75] but it fails to mention that a copy of the estimate "has been" or "will be" provided to Plaintiffs or "is being" provided to Plaintiffs and was enclosed with the letter. Thus, from this letter alone, a reasonably prudent person is unable to ascertain which items of Plaintiffs' damaged property were considered covered by State Farm and, therefore, which items were included in the payment of Plaintiffs' claim.

29. Summary judgment under these TIC sections is not warranted and should be denied. Plaintiffs have sufficiently pled viable claims against Alvarado under TIC Sections 541.060(a)(3) and 541.060(a)(4). Plaintiffs controverting summary judgment proof of the July 1, 2012 letter provides support that Alvarado had the responsibility and authority to direct payment to policyholders and to provide a reasonable explanation for the denial or payment of the claim.

### 4. <u>Section 541.060(a)(7)</u>: Prohibition against: "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."

30. **Alvarado's Contention**: Alvarado contends that summary judgment should be granted on Plaintiffs' TIC Section 541.060(a)(7) claim on the ground that, once again, an adjuster cannot be held liable because the issue under this section is *one of payment* and an adjuster does not have settlement authority—only the insurer has this authority.[76]

31. **Plaintiffs' Response**: Alvarado's MSJ on Plaintiffs' claim for violation of this section of

---

[74] *See* Appx. at 2, Plaintiffs' "Exhibit A."
[75] *See* Appx. at 3, Plaintiffs' "Exhibit A."
[76] *See* Dkt. # 78 at 13.

the TIC should be denied. Contrary to Defendant's arguments and assertions in his MSJ, Alvarado testified at his deposition that he has settlement authority.[77] Specifically, when asked whether he had "authority to settle [a claim] in the field and give a check and estimate to the policyholder" onsite, Alvarado testified, "[t]ypically, yes."[78] Alvarado further testified that he was authorized to settle claims under a certain amount, specifically, without management approval, Alvarado testified that he could cut and tender a check to the insured, on the spot, as long as the total estimated loss was less than $10,000.00, replacement cost value.[79] Thus, this sworn testimony of Alvarado that he has authority to settle policyholder's claims is an undisputed fact and provides evidence of the plausibility of Alvarado's liability under TIC Section 541.060(a)(7). Alvarado's MSJ on this claim should be denied on this ground alone.

## C. OUTSTANDING ISSUES OF MATERIAL FACT EXIST THAT PRECLUDE SUMMARY JUDGMENT ON PLAINTIFFS' SECTION 541.060 CLAIMS.

32.    Plaintiffs have pled that their claim was improperly adjusted because Alvarado conducted a substandard and unreasonable inspection of Plaintiffs' property.[80] Plaintiffs' petition alleges that Alvarado spent a mere twenty (20) minutes inspecting the entire property and never inspected the interior of Plaintiffs' home at all for damages.[81] Alvarado's estimate contained misrepresentations of fact and failed to provide full coverage for the damages sustained and under-scoped and undervalued the damages that were found to be covered.[82] A comparison and review of Alvarado's estimate of Plaintiffs' damaged property with the estimate of that same property by one of Plaintiffs' expert, Kevin Mohr, illustrates the misrepresentations in Alvarado's estimate and reveals outstanding material issues of fact that must be tried by a jury.

---

[77] *See* Appx. at 4 – 15, Plaintiffs' "Exhibit B" (Excerpts from Transcript of Oral Deposition of Ricardo Alvarado at Appx. 4-15), attached hereto and incorporated herein.
[78] *See* Appx. at 8, Plaintiffs' "Exhibit B" at 75:11 – 75:14 (emphasis added).
[79] *Id.* at 75:6 – 75:24.
[80] Dkt. # 1, Ex. F at 4.
[81] *Id.*
[82] *Id.*

33.     It is undisputed that Alvarado investigated Plaintiffs' damages on July 1, 2012.[83] On that same day, Alvarado had the authority to settle Plaintiffs' claim and did so by presenting Plaintiffs with a check for actual cash value (minus deductible and depreciation) in the amount of $1,305.62.[84] Alvarado's total estimate for the replacement cost value to repair Plaintiffs' damages was $2,562.59.[85] Alvarado found covered damages caused by hail to Plaintiffs' dwelling roof, and the roof of a large backyard storage shed.[86] This estimate showed no damages for the interior of Plaintiffs' home,[87] despite the fact that Plaintiff Santiago Cano specifically testified that there were interior damages to the storm as a result of the storm.[88]

34.     Moreover, with regard to Plaintiffs' dwelling roof which was a 3 tab, 30 year composition shingle roof, Alvarado found some damaged shingles and provided for repair of the damaged shingles with 3 tab, 25 year composition shingles rather than replacement of the entire roof and also estimated replacement of a dented turtle vent, furnace cap and lead pipe jack for a total repair cost of $405.20 for the dwelling roof.[89] During Alvarado's deposition, he admitted that he had made a mistake in the estimate by listing 3 tab, 25 year compensation shingles for the repair of the damaged shingles instead of the 3 tab, 30 year compensation shingles which were on the roof at the time of the storm and which Plaintiffs were entitled to have as a replacement.[90]

35.     With regard to the large backyard shed, Alvarado estimated a total replacement of the metal roof at $1,467.00.[91] Alvarado's estimate failed to add the required material sales tax.[92]

---

[83] *See* Appx. at 2-3, Plaintiffs' "Exhibit A."
[84] *Id.*
[85] *Id.*
[86] *See* Appx. at 16–35, Plaintiffs' "Exhibit C" (Ricardo Alvarado's July 1, 2012 Estimate of Plaintiffs' Damages/Claim at Appx. 16 -35), attached hereto and incorporated herein.
[87] *Id.*
[88] *See* Appx. at 39- 40, Plaintiffs' "Exhibit D," (Excerpts from Transcript of Oral Deposition of Santiago Cano at Appx. 36-43), at 40:17-25 and 41-1-22, attached hereto and incorporated herein.
[89] *See* Appx. at 20, Plaintiffs' "Exhibit C."
[90] *See* Appx. at 9-10, Plaintiffs' "Exhibit B," at 230:12-25 and 231: 1-13.
[91] *See* Appx. at 20-21, Plaintiffs' "Exhibit C" at Bates No. CLF43152Q604_000184 - CLF43152Q604_000185.
[92] *Id.*

15

36.      Plaintiffs' designated expert witness, Kevin Mohr, ("Mohr") is an adjuster who has extensive experience as a catastrophe claims adjuster.[93] For over ten (10) years, he has adjusted a thousand homeowners' claims and re-inspections for Hurricanes Rita, Katrina, Gustav, Ike, and, more recently, he adjusted over 350 hail & wind losses in the Rio Grande Valley and thousands of 2012 storm claims in the North Texas area and 2015 storm claims in greater Houston area.[94]

37.      Mr. Mohr conducted an inspection of Plaintiffs' home and found dwelling roof and shed roof damages and interior water stain damages to the kitchen, living room, dining room, a bedroom and closet of Plaintiffs' home.[95] His estimate shows a total replacement cost value for the repair of all of Plaintiffs' damages as $20,539.24.[96] This amount is in stark contrast to Alvarado's estimate of total necessary repairs costs of $2,562.59.[97]

38.      Mr. Mohr's report also estimates a full dwelling roof replacement for $12,086.46[98] and a full shed roof replacement for $1,822.37.[99] Unlike Alvarado, Mr. Mohr found interior damages caused by the hail storm as a result of the roof damage and estimated a total repair cost for the interior at $4,129.34.[100]

39.      The disparity in fact of these two estimates illustrates Alvarado's misrepresentations of material fact relating to the coverage at issue and, in particular, the actual losses sustained by Plaintiffs' property. Genuine issues of material fact on the reasonableness of Alvarado's investigation and adjustment of Plaintiffs' claim are raised by these conflicting estimates. For example, Plaintiffs have testified that they had interior damages to their home[101] as a result of the

---

[93] *See* Appx. at 44 – 120, Plaintiffs' "Exhibit E," "Exhibit E-1," and "Exhibit E-2," (Affidavit, Resume, and Estimate/Expert Report of Kevin Mohr), attached hereto and incorporated herein.
[94] *See* Appx. at 45-46, Plaintiffs' "Exhibit E."
[95] *See* Appx. at 51-120, Plaintiffs' "Exhibit E-2."
[96] *Id.*
[97] *See* Appx. at 16-35, Plaintiffs' "Exhibit C."
[98] *See* Appx. at 53, Plaintiffs' "Exhibit E-2."
[99] *Id.* at 56.
[100] *Id.* at 56-60.
[101] *See* Appx. at 39-40, Plaintiffs' "Exhibit D," at 40:17-25 and 41-1-22.

hail storm and which were covered under their State Farm policy.[102] Mr. Mohr recognized Plaintiffs' interior damages and included them in his estimate.[103] Alvarado did not check for interior damages and none were included in his estimate.[104] This conflicting testimony raises a genuine disputed issue of material fact of whether there were interior damages to Plaintiffs' home thereby triggering the disputed issue of material fact of whether Alvarado's investigation/evaluation of Plaintiffs' damages was reasonable or unreasonable. "Reasonableness" is a fact question.[105] Summary judgment under Chapter 541 for Alvarado's liability is improper in the face of these outstanding disputed material issues of fact.

### D. POST-LOSS MISREPRESENTATIONS ARE ACTIONABLE UNDER TEXAS LAW AND MAY GIVE RISE TO LIABILITY UNDER CHAPTER 541 OF THE TIC.

40.    Alvarado argues that post-loss misrepresentations regarding coverage for a claim do not constitute misrepresentations under the TIC; therefore,[106] a summary judgment against Plaintiffs' TIC claims should be granted.[107] In support of this proposition, Alvarado cites a Texas Supreme Court case, *Texas Mut. Ins. Co. v. Ruttiger*[108] and a Fifth Circuit case, *Effinger v. Cambridge Integrated Servs. Gp.*[109] (unpublished opinion). Both of these cases are distinguishable and therefore not persuasive authority.

41.    In *Ruttiger,* the Court first discussed whether TIC Sections 541.060 and 541.061 were inconsistent with the Texas Workers' Compensation Act ("TWCA") which provides for no alternative remedies. The Court held that a worker' compensation plaintiff <u>was precluded</u> from

---

[102] *See* Appx. at 121-171, Plaintiffs' "Exhibit F," (Certified Copy of Plaintiffs' Homeowner's Insurance Policy produced by Defendant State Farm at Bates Nos. SFL_Prod_CanoSantiago_000003 - SFL_Prod_CanoSantiago_000051), attached hereto and incorporated herein.
[103] *See e.g.,* Appx. at 56-60, Plaintiffs' "Exhibit E-2."
[104] *See gen.* Appx. 16 -35, Plaintiffs' "Exhibit C."
[105] *See Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 311 (Tex. 1983).
[106] *See* Dkt. #78 at 15.
[107] *Id.*
[108] *Texas Mut. Ins. Co. v. Ruttinger*, 381 S.W.3d 430, 445-46 (Tex. 2012).
[109] *Effinger v. Cambridge Integrated Servs. GP,* 478 Fed. Appx. 804, 807 (5th Cir. 2011).

asserting a cause of action under TIC Section 541.060[110] but <u>was not precluded</u> from asserting a cause of action under TIC Section 541.061 because that section was not intended to apply to the settlement of claims and was not at odds with the dispute resolution process of TWCA.[111] In other words, after *Ruttiger*, a worker compensation plaintiff has no standing to sue under TIC Section 541.060 but could sue under Section 541.060.[112]

42.     Following this finding, the Court next concluded that a dispute between the insured and the insurer as to whether a "claim was factually within the policy's terms" did not constitute a misrepresentation of the policy itself under Section 541.061.[113] The *Ruttiger's* facts and holdings determining the standing of a worker compensation plaintiff and construing **TIC Section 541.061**, have no application to the facts or legal issues in this case. Plaintiffs are not worker compensation plaintiffs and they have not brought any claims against Alvarado under TIC Section 541.061. *Ruttiger* provides Alvarado with no support.

43.     *Effinger* fairs no better as support for Alvarado's post-loss misrepresentation arguments. Like *Ruttiger*, *Effinger* concerned a worker compensation plaintiff's standing under TIC Sections 541.060 and 541.061 and the Court in *Effinger* followed the decision in *Ruttiger* on these issues. *Effinger* is not persuasive either.

44.     Alvarado also cites two other Texas state court decisions: *Provident Am. Ins. Co. v. Castaneda*[114] and *Royal Globe Ins. Co. v. Bar Consultants, Inc.,*[115] as support for the proposition that post-loss misrepresentations do not give rise to insurance code liability.[116] Like *Ruttiger* and

---

[110] *Ruttinger,* 381 S.W.3d at 445,
[111] *Id.* at.446.
[112] *Id.*
[113] *Id.*
[114] *Provident Am. Inc. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1990) *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000).
[115] *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979).
[116] *See* Dkt. # 78 at 15.

*Effinger,* neither *Provident* not *Royal Globe* provide Alvarado support for the foregoing proposition of law regarding post-loss misrepresentations.

45.     *Royal Globe* is cited in footnote 55 of the *Provident* opinion, which is the same footnote referenced by Alvarado in his MSJ.[117] The Texas Supreme Court's holding in *Royal Globe* regarding whether post-loss misrepresentations are actionable under the TIC, found as follows:

> We disagree with the Court of Civil Appeals' holding that the representations made by [defendant] after the loss occurred constituted a deceptive trade act or practice. **In the first place, [defendant[ was in the business of selling insurance, not in the business of adjusting claims,** and his post-loss statements that 'you're covered' under the policy was not within his actual or apparent authority. Secondly, there is no evidence that [plaintiff] took any action based on the post-loss representations to its injury or damage.[118]

46.     Thus, contrary to Alvarado's argument, post-loss misrepresentations connected with the investigation or handling of a claim can be actionable—but in *Royal Globe* the defendant, as the Court noted, was not in the business of adjusting claims as Alvarado is here. Furthermore, the Supreme Court's holding clearly shows that an insured can rely on or take action to his detriment based on post-loss statements connected with the investigation of a claim which is further support that they are actionable. However, in *Royal Globe*, there was no evidence in the record before the Court that plaintiff had relied on defendant's post-loss misrepresentations to his detriment.[119]

**E.     THE TEXAS SUPREME COURT RECENTLY ACCEPTED THE CERTIFIED QUESTION OF WHETHER AN "INDEPENDENT INJURY" IS**

47.     Lastly, Alvarado argues that Plaintiffs failed to allege any independent injury caused by Alvarado's wrongful misconduct and that this demands the conclusion that Plaintiffs have no viable claims against Alvarado.[120] At the onset, Plaintiffs maintain that an independent injury **is**

---

[117] *Id*. at 50.
[118] *Royal Globe*, 577 S.W.2d at 694-95 (emphasis added).
[119] *Id*.
[120] *See* Dkt. # 78 at 15-16.

**not** required to successfully recover against a defendant for violations of the Texas Insurance Code.  Notwithstanding, Plaintiffs respectfully urge that any determination of or ruling on this issue (i.e., whether Plaintiffs, to maintain a cause of action under Chapter 541 of the TIC against Alvarado, must allege and prove an injury independent from the policy benefits denied by State Farm) must be deferred or continued until such time that the Texas Supreme Court answers the pending, certified question accepted from the Fifth Circuit in *Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc. (In re Deepwater Horizon)*, No. 14-31321, 2015 U.S. App. LEXIS 20115 (5th Cir. 2015). The certified question accepted by the Supreme Court in that case is: "***Whether to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an insurer that wrongfully withheld policy benefits, an insured must allege and prove an injury independent from the denied policy benefits?***"[121]

48.    Plaintiffs respectfully request that the Court defer ruling on this issue, and continue any ruling on these arguments in Alvarado's MSJ, until such time as the Texas Supreme Court has answered this certified question. In the alternative, should this Court need for Plaintiffs to address this issue prior to such a ruling, Plaintiffs respectfully request that they be allowed to submit supplemental briefing prior to the Court's ruling on this issue.

49.    Respectfully, Plaintiffs refrain, here, from burdening the Court with discussion of Alvarado's summary judgment arguments as to the necessity of pleading and proving an independent injury to prevail on Plaintiffs' claims against Alvarado, and, instead, respectfully await the Texas Supreme Court's answer to the above-described certified question so that, thereafter, only if necessary, with proper leave of Court, Plaintiffs may file a supplemental brief fully addressing this particular argument urged in Defendant's MSJ.

---

[121] *Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc. (In re Deepwater Horizon)*, No. 14-31321, 2015 U.S. App. LEXIS 20115, at *27 (5th Cir. 2015)(emphasis added).

**F.    PLAINTIFFS' CLAIMS ARE SUFFICIENCY PLEAD PURSUANT TO FED. R. CIV. P. 9(B).**

　　　**1.  *Standards of Review for Rule 9(b).***

50.　　Alvarado contends that all of Plaintiffs' claims against him fail because they do not satisfy the heightened pleading requirement under FRCP 9(b) which requires pleading facts with particularity.[122] Alvarado is incorrect. First, Alvarado's Rule 9(b) argument that all of Plaintiffs' claims fail for particularity and, thus, Alvarado is entitled to dismissal of all claims against him rests on an invalid interpretation of the application of Rule 9(b). Rule 9(b) provides that "[i]n alleging **fraud or mistake,** a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[123]  What constitutes "particularity" will necessarily differ with the facts of each case.[124] Importantly here, "[w]here strong inferences of fraud exists, the requirements of particularity will be relaxed especially when the factual information necessary to provide for the details of the fraud alleged is exclusively within a defendant's knowledge or control."[125]

51.　　The focal point of a Rule 9(b) inquiry should be whether, given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiency detailed to satisfy the primary purpose of Rule 9(b).[126] The purpose is to give notice to the defendant of the claims alleged against it to enable it to prepare an effective answer and/or defense.[127] Although Rule 9(b) calls for fraud to be pleaded with particularity, the allegations, in conjunction with Rule 8 must still be as **short, plain, simple, direct**, **and concise** as is reasonable under the circumstances.[128] The relationship between Rule 8 and 9(b) is complementary and Rule 9(b)

---

[122] *Id.* at 17-20.
[123] Fed. R. Civ. P. 9(b) (emphasis added).
[124] *See Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[125] *See Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999); *USA v. Epic Healthcare Mgmt. Group*, No. H-05-0151, 1998 U.S. Dist. LEXIS 1074 at *9 (S.D. Tex. June 23, 1998).
[126] *See Mitchell Energy Corp. v. Martin*, 616 F. Supp. 924, 927 (S.D. Tex. 1985).
[127] *Id.*
[128] *USA v. Epic Healthcare Mgmt. Group*. 1998 U.S. Dist. LEXIS 10744 at * 2.

should not be read so as to obliterate the basic pleading requirement found in Rule 8(a).[129] In

deciding a Rule 9(b) motion this Court cannot make decisions regarding disputed facts and must

assume all material facts in the complaint as true and in Plaintiffs' favor.[130]

> ### 2. *Alvarado's interpretation that Rule 9(b) can be used to dismiss claims outside fraud and mistake (i.e., Plaintiffs' TIC claims) is incorrect.*

52.     Alvarado attempts to stretch Rule 9(b)'s strict pleading requirement to apply also to

Plaintiffs' statutory insurance code claims.[131] This interpretation is inappropriate as Rule 9(b)

expressly lists the causes of action to which it applies—namely fraud and mistake. Moreover,

Alvarado's specious attempt to extend Rule 9(b) to include Plaintiffs' statutory claims against

Alvarado for violations of the TIC is not supported by established. In *Leatherman v. Tarrant Cty.*

*Narcotics Intelligence and Coordination Unit,*[132] the U.S. Supreme Court. wrote:

> Rule 8(a)(2) requires a complaint to include only a 'short and plain statement of a
> claim showing that the pleader is entitled to relief. In *Conley v. Gibson,* 355 U.S. 41,
> 2 Ed. 2d 80, 78 S. Ct. 99 (1957), we said in effect that the Rule meant what is said,
> 'The Federal Rules of Civil Procedure do not require a claimant to set out in detail
> the facts upon which he bases his claim. To the contrary, all the Rules require is a
> short and plain statement of the claim that will give the defendant fair notice of what
> the plaintiff's claim is and the grounds upon which it rests [cite omitted]. *Rule 9(b)*
> *does impose a particularity requirement in two specific instances. It provides that 'in*
> *all averments of fraud or mistake, the circumstances constituting fraud or mistake*
> *shall be stated with particularity.'* **Thus, the Federal Rules do address in Rule**
> **9(b) the question of the need for greater particularity in pleading certain**
> **actions, but do not include among the enumerated actions any reference to**
> **complaints alleging municipal liability under § 1983.** *Espressio unius est*
> *exclusion alterius.* **[Lat. The expression of one thing is the exclusion of**
> **another].**[133]

53.     Federal district courts in this division have also limited the application of Rule 9(b). In

*Kennard v. Indianapolis Life Ins. Co.*,[134] for example, the Court wrote: "[a]lthough stated in the

---

[129] *See Corwin v. Marney, Orion Inv.*, 788 F.2d 1063, 1068 n 4 (5th Cir. 1986).
[130] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[131] *See* Dkt. # 78 at 17-20.
[132] *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1996).
[133] *Id*. at 166 (emphasis added).
[134] *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp.2d 601 (N.D. Tex. 2006).

context of a claim for negligent misrepresentation, the Fifth Circuit has declared that Rule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein."[135] The Fifth Circuit panel in *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*[136] held that it was error for the district court without analysis or discussion, to dismiss plaintiffs' claim of negligent misrepresentation against the defendant and explained: "[a]ccordingly, plaintiffs' negligent misrepresentation claims are only subject to the liberal pleading requirements of Rule 8(a)."[137] Thus, a sister court in the northern district of Texas, and the Fifth Circuit along with the United States Supreme Court, have refused to extend Rule 9(b)'s requirements to other causes of action not expressly listed in Rule 9(b)—fraud and mistake.

### 3. *Plaintiffs' fraud claim against Alvarado is sufficiently pled pursuant to Rule 9(b).*

55. Taking all of Plaintiffs' allegations as true, as this Court must, Plaintiffs assert that they have met their burden to sufficiently and particularity plead facts as required by Rule 9(b). *Plaintiffs' Original Petition* in relevant part pleads that:

> Plaintiffs' experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.[138]

54. These allegations are at the heart of Plaintiffs' fraud and conspiracy to commit fraud claims. By reasonable inference, Defendants' fraudulent conduct is intended to allow State Farm to pay nothing or as little as possible on an insured's claim to the detriment of the insured.

55. Falsehoods may be acted as well as spoken.[139] Deceptive conduct is equivalent to a

---

[135] *Id.*
[136] *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662 (5th Cir. 2004).
[137] *Id.* at 668; *Kennard*, 420 F. Supp.2d at 609.
[138] *See* Dkt. # 1, Ex. F at 8, §32.
[139] *See Ten-Cate v. First Nat. Bank of Decatur*, 52 S.W>2d 323, 326 (Tex. Civ. App.—Fort Worth 1932); *accord, Douglas v. Neill*, 545 S.W.2d 903, 905 (Tex. Civ. App.—Texarkana 1977)("[a]n actionable misrepresentation may be expressed by acts, conduct, or artifice as well as in words and assertions by a combination of word, and conduct.").

verbal misrepresentation.[140] Much of the fraud Plaintiffs have alleged constitutes fraud by conduct—unspoken misrepresentations such as employing and conducting an unreasonable investigation and assessment of Plaintiffs' damages by under scoping and undervaluing Plaintiffs' damages. Importantly here, fraud and conspiracy to commit fraud by their very nature are generally questions of fact which must be decided by a jury.[141]

56.     Plaintiffs have met Rule 9(b)'s particularity requirements with regard to their fraud and conspiracy to commit fraud claim. Rule 9(b) requires the plaintiff to allege "the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants."[142] Plaintiffs' pleading meets these requirements. Moreover, when the information required to be pled under Rule 9(b) is within the exclusive possession and control of the defendant, as here, the particularity of pleading requirement is relaxed.

57.     Here, none of Plaintiffs' claims against Alvarado should be dismissed by way of summary judgment because *Plaintiffs' Original Petition* meets the requirements of Rule 8 in pleading Plaintiffs' claims in a short, plain, simple, direct and concise manner. The strictness in pleading under Rule 9(b) is not applicable to all of Plaintiffs' extra-contractual and common law claims. It is applicable only to Plaintiffs' fraud and conspiracy claims, and the U.S. Supreme Court has held that Rule 9(b) should not be extended, as Alvarado urges, to cover ***all*** of Plaintiffs' claims.

## IV.     CONCLUSION

58.     Alvarado fails to meet its burden to establish the absence of genuine disputed issues of material fact with regard to the challenged claims against him. Plaintiffs on the other hand have

---

[140] *Id.*

[141] *See Freiburg v. Freiburg*, 11 S.W. 1123 (Tex. 1889) (fraud must generally be decided by a jury based on the particular facts of the case); *State ex. Rel. Attorney General v. Shippers Compress & Warehouse, Co.*, 67 S.W. 58 (Tex. 1903) (conspiracy is a question of fact).

[142] *See Askanase v. Fatjo*, 148 F. R. D. 570, 574 (S.D. Tex. 1993).

met their burden to demonstrate, by competent summary judgment evidence, that the following

issues are in dispute and should be decided by the factfinder, rendering summary judgment

determination thereof improper:

> Whether Alvarado conducted a fair & reasonable investigation of Plaintiffs' damages;
>
> Whether Alvarado's estimate of Plaintiffs' damages reflects the actual hail/windstorm damages sustained by Plaintiffs' property on or about June 13, 2012;
>
> Whether Alvarado acted to effectuate a fair, equitable settlement of Plaintiffs' claim;
>
> Whether Alvarado misrepresented coverage issues to Plaintiffs; ***and***
>
> Whether Alvarado committed fraud and whether Alvarado, with State Farm, was a member of a conspiracy to commit fraud to undervalue and to underpay Plaintiffs' claim.

In light of the foregoing, outstanding disputed issues of material fact, Plaintiffs respectfully pray

that *Defendant Ricardo Alvarado's Motion for Summary Judgment* be denied.

Respectfully Submitted,

*/s/ Gregory F. Cox*
Gregory F. Cox
Texas Bar No. 00793561
MOSTYN LAW
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 ( Facsimile)
E-mail: gfcox@mostynlaw.com

***Attorney-In-Charge for Plaintiffs***

Brian P. Lauten
Texas Bar No. 24031603
DEANS & LYONS, LLP
Republic Center
325 North Saint Paul St., Ste. 1500
Dallas, Texas 75201
Phone: 214-736-7861
Fax: 214-965-8505
E-mail: blauten@deanslyons.com

***L.R. 83.10 Local Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 8th day of January, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties by and through its attorney(s) of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

*/s/ Gregory F. Cox*
Gregory F. Cox