IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SANTIAGO CANO** and **MARILU CANO,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-2720-L** |
| **STATE FARM LLOYDS** and **RICARDO ALVARADO,** | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants State Farm Lloyds and Ricardo Alvarado's Motion for Summary Judgment (Doc. 103), filed July 1, 2016. After careful review of the motion, briefs, record, appendices, and applicable law, the court **grants** Defendants State Farm Lloyds and Ricardo Alvarado's Motion for Summary Judgment and **dismisses with prejudice** this action.

**I.      Factual and Procedural Background**

This action arises from a dispute regarding an insurance claim filed by Plaintiffs Santiago and Marilu Cano (collectively, "Plaintiffs") to recover for hail or wind damages that occurred to their home, shed, and fence during a storm on June 13, 2012. On May 23, 2014, Plaintiffs sued Defendants State Farm Lloyds ("State Farm") and Ricardo Alvarado ("Alvarado") (collectively, "Defendants") in the 162nd Judicial District Court of Dallas County, Texas, for breach of contract; and claims for violations of Chapters 541 and 542 of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the common law duty of good faith and fair dealing (collectively, the "extra-contractual claims"). On July 29, 2014, Defendants removed this action to the district court for the Northern District of Texas on grounds that complete diversity of citizenship exists

**Memorandum Opinion and Order – Page 1**

between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

The court now sets forth the undisputed facts in accordance with the standard in Section II of this opinion. On June 13, 2012, a storm hit Plaintiffs' home and caused their home, shed, and fence, to suffer wind or hail damage. At that time, Plaintiffs' home was insured for approximately $98,000 under a State Farm Homeowners Policy (the "Policy"). Plaintiffs reported a claim to State Farm for damages resulting from the June 13, 2012 storm on June 28, 2012. Subsequently, State Farm adjuster Alvarado inspected Plaintiffs' home on July 1, 2012, and found storm damages of $2,562.59, on a replacement cost value basis. After subtracting the Policy's $1,000 deductible and $256.67 for depreciation, State Farm issued an actual cash value payment of $1,305.62 to Santiago Cano (the named insured) that day. Alvarado explained his findings and the estimate to Plaintiffs. State Farm did not hear from Plaintiffs or their representative regarding the claim until May 23, 2014, when the present suit was filed.

State Farm invoked the Policy's Loss Settlement appraisal provision on May 13, 2015, and appointed Bryan Scanlan as an appraiser. Plaintiffs objected to an appraisal and refused to participate in the appraisal process. State Farm filed a Motion to Compel Appraisal (Doc. 46), which this court granted on February 22, 2016 (Doc. 91). Plaintiffs designated Shannon Cook as an appraiser on February 23, 2016, and the appraisers subsequently agreed to select Mike Fried to serve as umpire. On April 29, 2016, State Farm received an appraisal award signed by appraiser Scanlan and umpire Fried, setting the amount of loss to Plaintiffs' home at $9,827.95, on a replacement cost basis, and $9,040.37 on an actual cash value basis. On May 4, 2016, State Farm tendered to Plaintiff Santiago Cano, through his counsel, payment of the award (minus prior

payments, depreciation, and the aforementioned deductible) in the amount of $6,725.11. Defendants filed the present motion for summary judgment on July 1, 2016.

Defendants contend that they are entitled to summary judgment because, as a matter of law, their timely payment of the appraisal award estops Plaintiffs from bringing other extra-contractual claims. Plaintiffs counter that Defendants are not entitled to summary judgment because Plaintiffs' breach of contract claim is not based solely on the underpayment of damages. Instead, Plaintiffs contend that their breach of contract claim arises from State Farm's failure to include all covered damages in its estimate and payment, and for its specific denial of coverage for damages that were covered by the Policy.

## II.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence

of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

### A. Summary of the Parties' Contentions

Defendants contend that when an insurer pays an appraisal award in compliance with the parties' contractual agreement, as a matter of law, the insured is estopped from bringing a breach of contract claim against the insurer. According to Defendants, "it is well settled that '[a]n insurer does not breach the insurance contract where, as here, it pays all damages determined by the appraisal.'" Br. in Supp. of Defs.' Mot. for Summ. J. 9, 5 (hereinafter, "Defs.' Br.") (quoting *Scalise v. Allstate Texas Lloyds*, No. 7:13-CV-178, 2013 WL 6835248, at *4 (S.D. Tex. Dec. 20, 2013)). Defendants, therefore, contend that Plaintiffs are estopped from bringing their breach of contract claim. Further, Defendants contend that absent a breach of contract, Plaintiffs cannot maintain their extra-contractual claims without proof of an independent injury.

Moreover, Defendants contend that there are no factual issues precluding summary judgment because Plaintiffs can recover their replacement cost benefits by repairing the damages to their property. The Policy states, "'until actual repair or replacement is completed, [State Farm] will pay only the actual cash value at the time of the loss' and 'when the repair is *actually completed*, [State Farm] will pay the covered additional amount [the insured] actually and necessarily spend to repair or replace the damaged part of [their] property.'" Defs.' Br. 11-12 (quoting App. in Supp. of Defs.' Mot. for Summ. J. 20 (hereinafter, "Defs.' App.")). Defendants contend Plaintiffs cannot sue for damages under Chapter 542 of the Texas Insurance Code because "full and timely payment of the appraisal award 'precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law.'" *Id.* (quoting *In re Slavonic*

**Memorandum Opinion and Order – Page 5**

*Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). As the amount of loss has been determined by appraisal and paid by State Farm, and Plaintiffs have not alleged any facts that would give rise to an independent injury claim, Defendants contend Plaintiffs can no longer, as a matter of law, maintain their breach of contract or any of their extra-contractual claims.

In response, Plaintiffs counter that their breach of contract claim is not based solely on the underpayment of damages and, as such, should not be dismissed. Rather, Plaintiffs contend their breach of contract claim is for State Farm's "failure to include in its estimate and payment all covered damages and for its specific denial of coverage for damages that, as the appraisal award later showed, were indeed covered by Plaintiff[s'] Policy." Pls.' Santiago Cano and Marilu Cano's Br. in Supp. of Their Resp. to Defs. State Farm Lloyds[] and Ricardo Alvarado's Mot. for Summ. J. 8-9, 15 (Hereinafter, "Pls.' Br."). Further, Plaintiffs contend that Defendants misinterpret the applicable case law. According to Plaintiffs, even if the breach of contract claim is dismissed, they can still maintain their extra-contractual claims. Plaintiffs contend that proof of an independent injury is necessary to prove bad faith only when a denied claim is not covered under an insurance policy, which they contend is not the case here.

Moreover, Plaintiffs contend that they are not precluded from maintaining their claim for violations of Chapter 542 of the Texas Insurance Code because "State Farm failed to pay the full amount of Plaintiff[s'] claim before closing the claim, and it took an appraisal award to get State Farm to comply with its duty to issue proper and adequate payment and pay at least the actual value of Plaintiff[s'] loss." *Id.* 20, 37. Thus, even after payment of the appraisal award, Plaintiffs contend they can proceed, and prevail, on all of their extra-contractual claims.

Defendants counter that "Plaintiffs attempt to eschew long-established case law regarding the effect of payment of an appraisal award by asserting that State Farm had 'denied coverage' for certain items in the appraisal award that were not contained in State Farm's estimate." Defs.' Reply Br. in Supp. of Mot. for Summ. J. 2 (hereinafter, "Defs.' Reply"). Further, Defendants argue that Plaintiffs rely on non-appraisal award cases in support of their argument "that they are not required to show an independent injury because their claim was covered and the claims in other cases dealing with this issue were not covered." *Id.* 4. Defendants also contend that "Texas courts have constantly held that full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions [(Chapter 542)] as a matter of law." *Id.* 7 (citation and internal quotation marks omitted). Additionally, Defendants contend Plaintiffs rely on an "outlier" case in support of their prompt payment claim. *Id.* 8, 10. Finally, Defendants argue that Plaintiffs do not contest dismissal of, and have not raised a fact issue on, their fraud claims and, thus, at a minimum, these claims should be dismissed. *Id.* 10, 13.

### B. Discussion

#### 1. Breach of Contract

Under Texas law, "when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts the payment, the insured is 'estopped by the appraisal award from maintaining a breach of contract claim against [the insurer].'" *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (per curiam) (quoting *Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). Estoppel is an affirmative defense that applies to a contract claim when a party "accepts a benefit voluntarily and with knowledge of all material facts." *Richardson v. Allstate Texas Lloyd's,* 235 S.W.3d 863, 865 (Tex. App.—Dallas 2007, no pet.). As such, to

**Memorandum Opinion and Order – Page 7**

establish estoppel, Defendants, as the summary judgment movants, must establish: (1) the existence of a binding and enforceable appraisal award; (2) State Farm's payment of the award in a timely manner; and (3) Plaintiffs' acceptance of the payment. *Blum's Furniture Co.*, 459 F. App'x at 368 (citing *Franco*, 154 S.W.3d at 787).

Plaintiff devote little time, if any, briefing the issue of whether Defendants met their burden with regard to their estoppel defense. The undisputed facts support that Defendants have established each element of their estoppel defense. The parties agree to the following facts: (1) on April 29, 2016, an appraisal award was issued; (2) on May 4, 2016, within in four business days, State Farm paid the award; and (3) Plaintiffs accepted the payment. These facts show that the elements for estoppel have been established, and Plaintiffs present no evidence to refute Defendants' affirmative defense of estoppel.

Instead of addressing whether Plaintiffs have satisfied the requirements for estoppel, Plaintiffs contend as follows:

> While the payment of the appraisal award may estop Plaintiffs from contesting the issue of the amount of the damages for which State Farm admitted liability initially, it also shows that during the settlement of the claim Defendants denied coverage for damages that were clearly caused by the storm and thus, should have been covered. Therefore, Plaintiffs' breach of contract claim is based on both the failure to properly estimate and pay the amount of the damages Defendants admit were covered but also the denial of coverage when coverage for the other damages clearly should have been extended.

Pls.' Br. 9 (footnote omitted). Plaintiffs are incorrect. That an appraisal award is greater than the initial estimate payment may not be used as evidence of a breach of contract, especially where the underlying contract provides for resolution through appraisal. *See Blum's Furniture Co.*, 459 F. App'x at 368-69 (citing *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (mem. op.)); *see also Garcia v. Lloyds*, 514 S.W.3d 257, 273 (Tex.

App.—San Antonio 2016, no pet. h.) ("The reason for this defense is to prevent the insured from taking advantage of the binding appraisal process to determine the value of its claim and then, after the insurer fully pays the appraisal award, suing the insurer for its initial failure to pay."). Thus, under Texas law, that Defendants' initial estimate did not contain items included in the appraisal cannot serve as the basis for a breach of contract claim.

As Defendants have established each of the elements of their estoppel defense, there is no genuine dispute of material fact regarding this affirmative defense, and Defendants are entitled to judgment as a matter of law. Accordingly, the court will grant summary judgment in favor of Defendants on Plaintiffs' breach of contract claim.

### 2. Extra-Contractual Claims

Under Texas law, "[a]n insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Graber v. State Farm Lloyds*, 2015 WL 3755030, at *8 (N.D. Tex. June 15, 2015) (Boyle, J.) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)); *see also Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 425 (5th Cir. 2003). "An insurer breaches its duty of good faith and fair dealing 'if the insurer knew or should have known that it was reasonably clear that the claim was covered,' but nevertheless denied or unreasonably delayed paying it. *Graber*, 2015 WL 3755030, at *8 (quoting *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997)). "[E]xtra-contractual tort claims pursuant to the Insurance Code [] require the same predicate for recovery as a bad faith claim under a good faith and fair dealing violation." *National Sec. Fire & Cas. Co. v. Hurst*, 2017 WL 2258243, at *6 (Tex. App.—Houston [14th Dist.] May 23, 2017) (quoting *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2016 WL 482882, at *2 (E.D. Tex. Feb. 4, 2016)). "When an insured joins claims under the Texas Insurance Code [] with a bad faith claim, all asserting a

Memorandum Opinion and Order – Page 9

wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either statutory claim." *Id*. (*quoting O'Quinn v. Gen. Star Indem. Co*., No. 1:13-CV-471, 2014 WL 3974315, at *8 (E.D. Tex. Aug. 5, 2014)). The court, therefore, examines Plaintiffs' extra-contractual claims for violation of Chapter 541 of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing simultaneously.

Plaintiffs' and Defendants' positions on the ability to maintain extra-contractual claims if the related breach of contract claim fails are based on a misunderstanding of Texas law. While Plaintiffs cite several cases in support of their position, these cases are not on point and are easily distinguishable.[1] Conversely, Defendants read Texas law too narrowly. Regardless, the parties misunderstanding may in part be due to the "confusing nature of [Texas Supreme Court] precedent." *USAA Tex. Lloyds Co. v. Menchaca*, No. 14-0721, 2017 WL 1311752, at *3 (Tex. Apr. 7, 2017).

In *Menchaca*, the Texas Supreme Court cleaned up the confusion caused by two of its decisions: *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 191 (Tex. 1998); and *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 131 (Tex. 1988). Rather than engage in a detailed explanation concerning this confusion, the court simply quotes the summary of Texas Supreme Court in *Menchaca*:

> We clarify today that an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. An insured who establishes a right to receive benefits under the policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. And an

---

[1] *Church on the Rock N. v. Church Mut. Ins., Co.*, No. 3:10-CV-0975-L, 2013 WL 497879, at *9 (N.D. Tex. Feb. 11, 2013) (Lindsay, J.) (This case is distinguishable because a fact issue existed on the breach of contract and extra-contractual claims.); *USAA Texas Lloyd's Co. v. Menchaca*, No. 13-13-00046-CV, 2014 WL 3804602, at *5–6 (Tex. App. July 31, 2014), *rev'd sub nom. USAA Texas Lloyds Co. v. Menchaca*, No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017); *United Nat'l Co. v. AMJ Ins., LLC*, 447 S.W.3d 1, 11-12 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd) (This case did not involve an appraisal, and the insured pled and proved breach of contract by the insurer.).

**Memorandum Opinion and Order – Page 10**

> insured can recover benefits as actual damages under the Insurance Code even if the insured has no contractual right to those benefits if the insurer's conduct caused the insured to lose that right. If an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the insured is not entitled to receive benefits under the policy. But if the policy does entitle the insured to benefits, the insurer's statutory violation does not permit the insured to recover any actual damages beyond those policy benefits unless the violation causes an injury that is independent from the loss of the benefits. Finally, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*Menchaca*, 2017 WL 1311752, at *12.

It is undisputed that Plaintiffs had a right to receive benefits under the insurance policy, as Defendants conceded this point and paid the appraisal award. Recovery of extra-contractual damages that exceed policy benefits requires that the statutory violation or bad faith cause an injury that is independent from the loss of benefits. *Hurst*, 2017 WL 2258243, at *6 (citing *Menchaca*, 2017 WL 1311752, at *11-12). Although *USAA Texas Lloyds Co. v. Menchaca* is not a case involving payment of an appraisal award, the Texas Supreme Court used it to "provide clarity regarding the relationship between claims for an insurance policy breach and Insurance Code violations." *Menchaca*, 2017 WL 1311752, at *3. In *Menchaca*, the court stated that "a successful independent-injury claim would be rare, and we in fact have yet to encounter one." *Id*. at *12 (citing *Mid–Continent Cas. Co. v. Eland Energy, Inc.,* 709 F.3d 515, 521 (5th Cir. 2013)). The *Menchaca* court, however, recognized that "[t]his is likely because the Insurance Code offers procedural protections against misconduct likely to lead to an improper denial of benefits and little else." *Id*. "The [*Menchaca*] court acknowledged that it has further limited the natural range of injury by insisting that an "independent injury" *may not* "flow" or "stem" from denial of policy

benefits." *Hurst*, 2017 WL 2258243, at *6 (citing *Menchaca*, 2017 WL 1311752, at *12) (emphasis added).

Plaintiffs have not alleged, or even raised a genuine dispute of material fact, that any independent damages exist. The only "extreme act" Plaintiffs reference is that "Defendants' conduct during the investigation of the loss was extremely unreasonable and egregious." Pls.' Brief 18, 34.[2] Plaintiffs' statement, however, does not constitute competent summary judgment. Thus, Plaintiffs have not set forth summary judgment evidence to raise a genuine dispute of material fact that they suffered an independent injury sufficient to support their claim of bad faith. As no genuine dispute of material fact exists that Plaintiffs suffered an independent injury, Defendants are entitled to judgment as a matter of law on Plaintiffs' extra-contractual tort claims pursuant to the Insurance Code and bad faith claim under a good faith and fair dealing violation. The court will grant summary judgment in favor of Defendants on Plaintiffs' extra-contractual claims for violation of Chapter 541 of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing.

### 3. Chapter 542 of the Texas Insurance Code

The Texas Prompt Payment of Claims Act ("TPPCA") requires insurers to pay claims within 60 days of receiving necessary documents from the insured. Tex. Ins. Code Ch. 542.058. Plaintiffs argue under that they are entitled to damages under the TPPCA for Defendants' delay in payment between the initial payments and the payment of the appraisal award. Plaintiffs' TPPCA claim fails as a matter of law because "[a] plaintiff may not seek Chapter 542 damages for any delay in

---

[2] The court notes that Plaintiffs' Original Petition uses more subdued language to describe Defendants' conduct. It alleges that "Defendant Alvarado was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages." Pls.' Original Pet. ¶ 33.

**Memorandum Opinion and Order – Page 12**

payment between an initial payment and the insurer's timely payment of an appraisal award." *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 988 (5th Cir. 2016); *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). As no genuine dispute of material fact exists that Plaintiffs cannot bring a claim against Defendants under the TPPCA for a delay between the initial payment and the payment of an appraisal award, Defendants are entitled to judgment as a matter of law on Plaintiffs' TPPCA claim. The court, therefore, will grant summary judgment in favor of Defendants on Plaintiffs' TPPCA claim.

### 4. Fraud and Conspiracy to Commit Fraud

Plaintiffs fail to respond to Defendants' motion regarding their fraud and conspiracy to commit fraud claims. As Plaintiffs have failed to respond and brief these claims, the court treats their fraud and conspiracy-to-commit-fraud claims as abandoned or waived, and they are no longer before the court. *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 n.1 (5th Cir. 2016)

## IV. Conclusion

For the reasons stated herein, the court determines that Plaintiffs raise no genuine disputes of material fact as to their breach of contract; violations of Chapters 541 and 542 of the Texas Insurance Code; and breach of the common law duty of good faith and fair dealing. As no genuine disputes of material fact exist with respect to these claims, Defendants are entitled to summary judgment as a matter of law. Additionally, the court determines that Plaintiffs' have abandoned or waived their fraud and conspiracy-to-commit-fraud claims, as they failed to brief these claims. Accordingly, the court **grants** Defendants State Farm Lloyds and Ricardo Alvarado's Motion for Summary Judgment and **dismisses with prejudice** this action. The court will issue a judgment by separate document in accordance with Federal Rule of Civil Procedure 58.

**It is so ordered** this 2nd day of August, 2017.

Sam A. Lindsay
United States District Judge